SYLVESTER W. LABROT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELIZABETH H. LABROT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28696, 28697.   Promulgated November 22, 1929.

*Paul F. Myers, Esq.*, for the petitioners.
*Paul L. Peyton, Esq.*, and *J. C. Maddox, Esq.*, for the respondent.

334

## OPINION.

Marquette: It is the contention of the petitioners that in 1921 the partnership of Labrot & Co. sold to Labrot & Co., Inc., a corporation, for $130,000, two farms which had a cost to the partnership, or a fair market value on March 1, 1913, of $258,561.11, and that the partnership thereby sustained a loss of $128,561.11, which should be deducted in computing its net income for 1921.

The respondent denies that the partnership sustained a deductible loss and urges (1) that the transaction was not bona fide, and (2) that if it was bona fide it was not a sale for cash but was an exchange of property for the capital stock of the corporation and did not give rise to gain or loss. The respondent also takes the position that under no circumstances can the partnership deduct any loss on account of the sale of the residence on Holly Beach Farm.

We do not deem it necessary in disposing of this case to discuss and decide all of the contentions made by the parties. We rest our decision on the single ground that under the Revenue Act of 1921 the transaction between the partnership and the corporation was one that could not result in either a taxable gain or a deductible loss. Section 202 (c) (3) of that Act, provides:

(c) For the purposes of this title, on an exchange of property, real, personal, or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

\*          \*          \*          \*          \*          \*          \*

(3) When (A) a person transfers any property, real, personal, or mixed, to a corporation, and immediately after the transfer is in control of such corporation, or (B) two or more persons transfer any such property to a corporation, and immediately after the transfer are in control of such corporation, and the amounts of stock, securities, or both, received by such persons are in substantially the same proportion as their interests in the property before such transfer. For the purposes of this paragraph, a person is, or two or more persons are, "in control" of a corporation when owning at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

The form of the transaction under consideration is that the partnership, desiring to have its real estate held and operated under corporate form, organized a corporation, subscribed for the capital stock to the extent of $250,000, and paid therefor cash to the extent of $86,640.53. The corporation on the same day purchased from the partnership two farms for $130,000 and paid to the partnership to the extent of $80,000, the same money that the partnership had paid to the corporation for stock. The balance of the $130,000 which the corporation agreed to pay the partnership for the farms was represented by a credit to the partnership on its outstanding indebtedness to the corporation on account of the capital stock for which it had subscribed. The substance of the transaction is that the partnership exchanged the farms for stock of the corporation, and that after the exchange the partnership was in control of the corporation, as the word control is used in the section of the statute just quoted. We are of opinion that the transaction is essentially one of the kind in which Congress did not intend for the purposes of taxation to recognize either gain or loss, and that we should be governed by its substance and not by its form. The individuals composing the partnership were, after the conveyance, in reality in no different position than they were before. The money that they had expended for the capital stock of the corporation was returned to them and the farms were still within their control, and they could reacquire them at any time by the simple method of dissolving the corporation and taking over its assets. We are constrained to hold that the partnership did not suffer any deductible loss.

*Judgment will be entered for the respondent.*