FRUIT BELT TELEPHONE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

A. J. EVANS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAX L. JAMES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32668, 33710, 33711. Promulgated February 28, 1931.

*J. C. Murphy, Esq.,* for the petitioners.
*B. M. Coon, Esq.,* for the respondent.

## OPINION.

TRAMMELL: The real question in this case is whether the petitioner, Fruit Belt Telephone Company, sold its assets to its stockholders in good faith, or whether it actually made the sale to the Southern Bell Telephone Company.

The Commissioner takes the position that the corporation really sold its assets to the Southern Bell Telephone Company or in any event did not sell them to Evans and James in good faith.

On this question, we think the evidence is perfectly clear that the assets were sold to Evans and James and that they sold them to the Southern Bell Telephone Company. So long as neither creditor nor stockholder has any objection to the sale of assets by a corporation, clearly, a corporation is not prohibited by law from selling to its stockholders even at a price less than the value of the assets and there is nothing to prevent a corporation from distributing its assets to its stockholders in liquidation if it desires to do so regardless of the value of the assets distributed. A corporation may clearly do what it has a legal right to do, even for the sole purpose of reducing its tax liability. It is not required to pursue a course which gives

rise to a greater tax liability if another course is open to it which will give rise to a less tax liability.

If we take the position that the assets of the Fruit Belt Telephone Company were in effect distributed to its stockholders in liquidation and that they had a value at that time of $55,000, which was in excess of cost, this does not give rise to tax liability on the part of the corporation. The Commissioner's regulations are to the same effect. Article 547 of Regulations 45 provided as follows: " * * * No gain or loss is realized by a corporation from the mere distribution of its assets in kind upon dissolution, however they may have appreciated or depreciated in value since acquisition." See also Regulations 62, 65, 69, and 74.

We have held that, where a corporation declares a dividend of a certain amount and then satisfies the debt thus created by distributing property in kind, a gain or loss may result to the corporation, but this is not that kind of a case. In this situation, even if we should hold that this was a distribution in kind to the stockholders, it would come within the scope of our decision to the effect that no gain or loss is realized when a corporation declares a dividend payable with assets in kind, no obligation for any particular or definite amount having been first created by the declaration of the dividend. This distinction has been clearly recognized by the Board. See *Callanan Road Improvement Co.*, 12 B. T. A. 1109; *Bacon-McMillan Veneer Co.*, 20 B. T. A. 556; *Parkersburg Iron & Steel Co.*, 17 B. T.. A. 74; *First Utah Savings Bank*, 17 B. T. A. 804; *Hollenberg Music Co.*, 6 B. T. A. 421; *Meurer Steel Barrel Co.*, 11 B. T. A. 584; affirmed by the Circuit Court of Appeals, 35 Fed. (2d) 1019. See also *H. L. Erlewine*, 19 B. T. A. 253.

In any event, therefore, whether the transaction between the Fruit Belt Telephone Company and Evans and James be considered a sale of assets, a liquidation of assets in kind, or a dividend, we think that there is no taxable gain to that corporation resulting from the transaction. It is to be observed also that the Commissioner makes no contention that there would be a gain thus resulting except upon the ground that the Fruit Belt Telephone Company actually sold its assets to the Southern Bell Telephone Company instead of to Evans and James, which contention we find not supported by the facts.

The tax liability of the stockholders as the result of the transaction is not before us except their liability as transferees for the tax liability of the corporation. As there is no tax liability of the corporation resulting from the sale of the assets, there is no transferee liability on the part of the stockholders. We are therefore not concerned with what remedy if any might have been pursued against

the stockholders on account of their acquisition and sale of the assets. Since the corporation sold its assets to Evans and James and not to the Southern Bell Telephone Company, there is no deficiency against the corporation.

There being no deficiency in tax on the part of the corporation arising from the transaction, there is no transferee liability of the stockholders on account thereof. The stockholders therefore are not liable as transferees.

*Judgment will be entered for the petitioners.*