FRANK G. WARDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SEVERS HOTEL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. B. NATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32596, 36756, 38993.   Promulgated May 4, 1931.

*James B. Malone, Esq.*, for the petitioners.
*Elden McFarland, Esq.*, for the respondent.

26

OPINION.

LANSDON: At the hearing of the proceeding at Docket No. 32596, the respondent moved to dismiss alleging that the petition was not filed by any person authorized by the laws of Oklahoma to act for a dissolved corporation. Section 5361, Compiled Statutes of Oklahoma, annotated (1921), provides:

Unless other persons are appointed by the court, the directors or managers of the affairs of such corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation, and to collect and pay debts and divide among the stockholders the property which remains after the payment of debts and necessary expenses; and for such purposes may maintain or defend actions in their own names by the style of the trustees of such corporation dissolved, naming it; and no action whereto any such corporation is a party shall abate by reason of such dissolution.

Warden was the president and executive head of the Severs Hotel Company at the date of its dissolution. So far as the record shows he was the only person qualified under the law, in the absence of an appointment by a court, to act as trustee for the stockholders and creditors of the corporation. Even if he was only one of several trustees, under our rules his verification of the appeal from the determination of the Commissioner is sufficient. The motion to dismiss is denied.

The Severs Hotel Company, the petitioner at Docket No. 32596, contends that the transaction transferring good will, leasehold and tangible assets to a purchaser just prior to June 10, 1925, was a private deal between its two stockholders, Warden and Nation, and the purchaser; that no part of the purchase money was received by it or taken into its books of account in any way; and that it realized no income therefrom. The record does not disclose how its stockholders, as individuals, became owners of assets which all parties agree were the property of the petitioner down to the date of the sale. The proposal to purchase, duly accepted by the president of the corporation, and the bill of sale evidencing transfer of title to the purchaser, each specifies the Severs Hotel Company as the owner of the property in question.

It is well established that a corporation and its stockholders are separate entities. Any profit realized from the sale belonged in law to the corporation and could be passed on to its stockholders only as a distribution of assets. That the proceeds of the sale were not taken into the accounts of the corporation and were paid directly to the stockholders in proportion to their stockholdings, in no way supports the contention of the petitioner. · Doyle v. Mitchell Bros. Co., 247 U. S. 179; Douglas v. Edwards, 298 Fed. 229. In contemplation of law Warden and Nation, president and secretary of the corporation, acted as its agents and received the money in its behalf. The petitioner was a close corporation. Retention by the stockholders of the proceeds of the sale of capital assets received by them as agents can be regarded only as a distribution of corporate funds. Profit from the sale, if any, was income to the corporation. *Ameri-*

*can Telegraph & Cable Co.*, 2 B. T. A. 991; *L. J. Christopher Co.*, 13 B. T. A. 729. Cf. *John K. Greenwood*, 1 B. T. A. 291.

There is no controversy over the facts. At the date of the sale the depreciated cost of the assets as determined by the respondent was $23,736.65. The sale price was $85,000. The profit, therefore, none of which was returned as income in the taxable year, was $61,263.35.

In further support of its allegation of error the petitioner contends that the property sold included valuable assets and considerations, not recited in the sales agreement, viz., the understanding that Warden would use his influence to secure the renewal of the lease to the purchaser and that neither Warden nor Nation would thereafter engage in the hotel business in Muskogee in competition with the purchaser. These considerations, the petitioner argues, were not the property of the Severs Hotel Company or at its disposition, and, therefore, must have passed from the individuals, Warden and Nation, directly to the purchaser. The evidence in support of these contentions is far from convincing.

The record is clear that the petitioner was the only vendor in the transaction. If the considerations now under discussion were acquired by the purchaser for cash, the payment was made to the corporation or to agents acting in its behalf, and so are material here only to the extent that their cost to the corporation may be an element of the basis for ascertaining gain or loss therefrom. No evidence to establish such cost is in the record.

The respondent has asserted a deficiency against the Severs Hotel Company for 1924 in the amount of $11.78, which is included in the total of $8,928.25 set out above. Petitioner adduced no evidence in respect of this deficiency and we therefore regard it as abandoned. The determination of the respondent is approved as to the tax liability of the Severs Hotel Company for the taxable year and period.

Frank G. Warden and W. B. Nation, the petitioners at Docket Nos. 36576 and 38992, were the sole stockholders of the Severs Hotel Company except for one share issued in the name of H. H. Ogden, vice president, apparently only for the purpose of qualifying him to act as director and vice president. At the date of the sale here involved, Warden owned two-thirds and Nation one-third of the outstanding capital stock of the Severs Hotel Company and each shared in the sale price of the assets in proportion to his stockholding. The record also discloses that at the date of the sale here in controversy the corporation had other assets of very substantial value. Presumably such property was distributed in kind or cash to the stockholders on or before dissolution which was effective at May 26, 1926. It is clear, therefore, that each of the peti-

tioners Warden and Nation is a transferee without consideration of assets of the Severs Hotel Company and is liable for all unpaid Federal income taxes due and unpaid at the date of its dissolution. *Grand Rapids National Bank*, 15 B. T. A. 1166.

*Decision will be entered for the respondent.*