THE NACE REALTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55381. Promulgated June 20, 1933.

*Herman R. Tingley, Esq.*, and *B. G. Simpich, Esq.*, for the petitioner.

*Harold D. Thomas, Esq.*, for the respondent.

470

GOODRICH: We have here a transaction, planned and carried out for the purpose of avoiding a tax liability otherwise resulting to a corporation upon the disposition of certain of its assets. In the absence of fraud, such a device, if effected by legal means, must be recognized and the liability for tax imposed where it thereafter falls, for the proper avoidance or diminution of a foreseen tax liability is not prohibited. *United States* v. *Isham*, 84 U.S. 496; *Bullen* v. *Wisconsin*, 240 U.S. 625; *Weeks* v. *Sibley*, 296 Fed. 155; *Wiggins* v. *Commissioner*, 46 Fed. (2d) 743. There is no suggestion of fraud in this record; indeed, it is conceded that no fraudulent intent may be charged either to the corporation's officers or to the individuals. Consequently, our task is narrowed to the determination of whether the means adopted to shift this tax burden were legally effective; whether the sale was made by, and the profit resulting therefrom taxable to, the petitioner corporation or the individuals, the brothers Nace.

Relying chiefly upon *Taylor Oil & Gas Co.*, 15 B.T.A. 609; affd., 47 Fed. (2d) 108; certiorari denied, 283 U.S. 862; and *Fred A. Hellebush et al., Trustees*, 24 B.T.A. 660; respondent has determined that the profit upon the sale was earned by and inured to the corporation. He points out that the corporation, not the individuals, entered into the contract for sale of the lease, and that no other agreement covering the transaction was ever made. He contends that there was no doubt but that the transaction would be carried out in accordance with the contract, and that the last minute subsitution of the individuals as vendors served only to make them the medium through which the property was transferred, leaving the corporation as the real vendor. On the other hand, petitioner contends that the assignment to the individuals was valid and effective because the contract with Kulp was merely executory; that thereafter the individuals were the owners of the leasehold and in disposing of it acted, not for the corporation, but for themselves, even though they made their sale upon the terms previously agreed to by the corporation. They contend that in making the sale they were not the agents of the corporation but, on the contrary, the corporation had always been their agent in managing the property and in entering into the contract for sale.

We doubt whether the contract with Kulp was merely executory, but we need not decide that question. Even assuming that it was executory so that the corporation continued to possess complete ownership of the leasehold and was able to make a valid assignment of it to the individuals, still, despite the legal form, a reasonable view of the substance of the transaction demands that we regard the

individuals as acting on behalf of the corporation in taking title to and disposing of the lease. The contract itself was not assigned; the corporation was still bound by it. We have little doubt but that specific performance of it would have been ordered upon Kulp's application had the individuals failed to discharge the corporation's obligations thereunder, nor have we much doubt that the assignment made to the individuals, for a purported consideration of about one eighth of the price at which the corporation had agreed to sell, and less than the default deposit made by the purchaser, would have been set aside upon the complaint of creditors of the company. In other words, this assignment was not a bona fide, arm's length transaction between the corporation and its individual stockholders, and in such circumstances the individuals could take the lease and dispose of it only for the benefit of the corporation and as its agents. There is nothing in the record before us to indicate that the corporation sought to abandon its contract, whatever the consequences of such an act. On the contrary, since before its assignment to the individuals, Kulp, the purchaser, had negotiated with the heirs of the original lessor for a deed to the property under lease, which the owner of the lease might do under its terms and which the corporation had contracted to do, we infer that all parties to the contract fully expected it to be carried out and stood ready to perform. It will be noted in the case of *Fruit Belt Telephone Co.*, 22 B.T.A. 440, so strongly relied on by petitioner, that, so far as appears, the corporation had made no contract for the sale of its assets prior to their transfer to the individual. That fact alone is sufficient to distinguish the case from that now at bar.

We see nothing in the record sufficient to impel us to regard the corporation as the agent of the individuals. True, there is testimony that the Nace brothers turned over the leasehold to the corporation only for purposes of accounting and management, but that is contradicted by the fact that no restriction of any sort appears in their assignment of the lease, and by the further fact that the items of income and disbursement received and made by the corporation in connection with the leasehold were taken into its accounts as a part of its own business. There is no evidence of any agreement that the corporation should be reimbursed for any loss it incurred because of its ownership of the leasehold, nor is there any evidence that in entering the contract for its sale, the corporation was acting as agent for the individuals or otherwise than as the owner of the leasehold, making sale of its own property. We conclude that in taking title to the leasehold, and subsequently making sale of the same in accordance with the contract by which the corporation was bound, the Nace brothers acted on behalf of the corporation, and that the

profit from the sale inured and is taxable to the corporation. The fact that the sales price was paid directly to the individuals rather than to the corporation is immaterial. Since respondent's computation of the profit is not attacked, it will not be disturbed. *Old Colony Trust Co.* v. *Commissioner*, 279 U.S. 716. Cf. *S. A. Mac-Queen Co.*, 26 B.T.A. 1337; *James Duggan*, 18 B.T.A. 608; *Boggs-Burnam & Co.*, 26 B.T.A. 988; *Frank G. Warden*, 23 B.T.A. 24; *Sylvester W. Labrot*, 18 B.T.A. 332.

*Judgment will be entered for the respondent.*