CONSERVATIVE GAS COMPANY, A CORPORATION, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72391.   Promulgated April 27, 1934.

*Howard L. Robinson, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

#### OPINION.

VAN FOSSAN: In this case we are asked to relieve taxpayer of a deficiency of $6,633.07 for the year 1930. The question is whether respondent was correct in holding that a profit of $71,000 consequent on a sale of assets was taxable to the corporation rather than to its stockholders. There is no dispute over the amount of the profit. The proceeding was submitted on stipulated facts.

Taxpayer is a West Virginia corporation, with authorized capital stock of $50,000, the shares being $100 par value, organized for the purpose of exploring and drilling for, producing, and marketing oil and natural gas. After its creation taxpayer acquired developed and undeveloped leases and leasehold estates in oil and gas, drilled other producing wells, and was the owner in 1930 of valuable oil and gas producing properties.

By deed dated May 12, 1930, taxpayer conveyed a part of its leases, leasehold estates in oil and gas, producing oil and gas wells, and certain of its gas sale contracts and rights of way to Taney Harrison, trustee. The deed is silent as to its purpose and does not name any beneficiary, but it contains the following statement: "This deed is executed pursuant to authority given by the Board of Directors and the Stockholders of said Conservative Gas Company."

The parties stipulated that:

The transfer of said property by said Conservative Gas Company to said Taney Harrison, Trustee, for the stockholders of said Gas Company was made pursuant to authority contained in a resolution passed and adopted at a meeting of the stockholders of said Company held on the 2nd day of May, 1930, and which said resolution is in words and figures following:

Whereas, all the properties owned by the Company have been fully paid for out of moneys contributed by the stockholders and the net earnings of the company and fairly belong to the stockholders of the company,

Therefore, Resolved, that the directors of the Company be, and they are hereby, authorized and requested to declare and cause to be distributed among the stockholders a liquidating dividend in kind and, to that end, that they do cause to be transferred, granted and conveyed to Taney Harrison, Trustee, for the stockholders, by apt deeds of conveyance, all of the following described properties, to be by said trustee reduced to cash as soon as may be and distributed among the stockholders in proportion to their holdings of stock: [There follow a list and description of the properties.]

The parties further stipulated:

On the 2nd day of May, 1930, at a meeting of the directors of said Conservative Gas Company, a resolution was passed and adopted directing the Vice-President and Secretary of said Conservative Gas Company to transfer to said Taney Harrison, Trustee, by apt deeds of conveyance, for the benefit of the stockholders of said Company in proportion to their holdings of stock, the said leases, leasehold estates in oil and gas, producing gas wells and other property therein mentioned, and which said resolution is in words and figures following:

Whereas, the stockholders of this Company, at a meeting this day regularly held in the office of the Company, by resolution adopted by the affirmative vote of 286 shares of stock of the Company, authorized and requested the Board of Directors to declare a liquidating dividend in kind of certain properties owned by the company and therein described, and to cause the same to be conveyed to Taney Harrison, Trustee, for the benefit of the stockholders in proportion to their holdings of stock.

Therefore, Resolved, that the Board of Directors do hereby declare a liquidating dividend in kind out of the properties of the company and do hereby authorize and direct the Vice-President and Secretary of the company to transfer, grant and convey to Taney Harrison, Trustee, by apt deeds of conveyance for the benefit of the stockholders of this company in proportion to their holdings of stock, all of the following described properties belonging to the Company: [The properties are listed.]

Thereafter, by deed bearing date the 23d day of May 1930, said Taney Harrison, as such trustee, granted and conveyed to the Midland Natural Gas Co., a corporation, all of the said leases, leasehold estates in oil and gas, producing gas wells, contracts, and rights of way theretofore granted to him as such trustee by said Conservative Gas Co., for the consideration of $71,000, of which amount $41,000 was paid in cash and the residue thereof in the sum of $30,000 was payable on or before 15 months from the date thereof, and which deferred purchase price was secured by a purchase money deed of trust.

On the same date the Midland Natural Gas Co., a corporation, granted and conveyed said property to Charles W. Lochery, trustee, to secure the payment of the deferred purchase price of the property in the amount of $30,000, evidenced by three certain negotiable promissory notes of even date therewith, in the principal sum of

$10,000 each, executed by the Midland Natural Gas Co., its maker, and payable to the order of Taney Harrison, trustee, at the Union National Bank of Clarksburg, West Virginia, on or before 15 months after the date thereof, with interest at 6 percent payable quarterly.

On May 2, 1930, the date on which the stockholders and directors, respectively, of said Conservative Gas Co., authorized a transfer and assignment of a part of its property to Taney Harrison, trustee, as aforesaid, the petitioner retained property aggregating the sum of $8,629.60, and thereafter, on or about the 9th day of June 1930, Edward Hart and others made an offer to the petitioner for the purchase of the Harbert well and Mason Well No. 1, and all materials, equipment, and supplies used in connection with the said two wells (being a part of the property retained by the petitioner), whereby Hart and others offered to pay the petitioner the sum of $7,600 for the property. The offer made by Hart and others was rejected and petitioner continued to own, use, and operate the property.

The petitioner has never been disssolved, and is still in existence.

The consideration of $71,000 for the sale of the property to the Midland Natural Gas Co. was paid to Taney Harrison, trustee, by the Midland Natural Gas Co. The consideration was distributed by the trustee to the several stockholders in proportion to their several holdings of stock promptly after the sums were received by the trustee, as follows: $40,998.40 on June 5, 1930, and $30,000 on December 31, 1931.

In this case we are concerned with determining whether, in making the sale to the Midland Natural Gas Co., Harrison, trustee, acted for and on behalf of the corporation which deeded the property to him, or on behalf of the stockholders, who, under the authorizing resolution, were to be recipients of a liquidating dividend in kind.

Respondent cited *Taylor Oil & Gas Co.*, 15 B.T.A. 609; affd., 47 Fed. (2d) 108; *Commissioner* v. *Lexington Ice & Coal Co.*, 62 Fed. (2d) 906; *Fred A. Hellebush et al., Trustees*, 24 B.T.A. 660; affd., 65 Fed. (2d) 902; *S. A. McQueen Co.*, 26 B.T.A., 1337; affd., 67 Fed. (2d) 857; *Nace Realty Co.*, 28 B.T.A. 467; and *Whitney Realty Co.*, 29 B.T.A. 453. All of these cases, with the exception of *Whitney Realty Co.*, are found, on examination, to differ from the instant case in one vital essential. In each case the corporation had negotiated the sale of the assets prior to the creation of the trust or assignment for the benefit of stockholders. In each we held that the trustee or assignee merely acted for the corporation in consummating a transaction initiated by it. In *Nace Realty Co., supra*, we pointed to this fact as controlling and distinguished *Fruit Belt Telephone Co.*, 22 B.T.A. 440, on this ground, observing: "So far as appears,

the corporation [Fruit Belt Telephone Co.] had made no contract for the sale of its assets prior to their transfer to the individual. That fact alone is sufficient to distinguish the case from the case now at bar."

The facts in *Whitney Realty Co., supra,* also cited by respondent, are so totally dissimilar to those in the instant case that it is clearly not in point. In that case there was no sale, no reduction of assets into money, and no distribution to the stockholders. The question there before us was whether the substitution of trust certificates for shares of stock accomplished a complete liquidation. We held it did not.

The facts in the instant case are much more favorable to petitioner's position than those appearing in *Fruit Belt Telephone Co., supra,* where we held that the sale of the assets by two stockholders of a corporation on the same day they acquired them from the corporation, the proceeds being distributed to the two stockholders, did not result in taxable gain to the corporation. In that case the ultimate purchaser had previously appraised the assets with a view to purchasing. The assets were sold to its sole stockholders and resold by them the same day. The reasoning in the case of *Iowa Bridge Co.* v. *Commissioner,* 37 Fed. (2d) 777, is also in point.

The instant case was submitted on a stipulation of facts and we must limit our consideration to the facts so presented and make only such inferences as appear reasonably justified. There is no suggestion in the facts that a purchaser had been found or a sale considered prior to the transfer to the trustee. To make such a finding would require us to go beyond the proper realm of inference into that of speculation. The trustee was not the sole stockholder. An interval of two weeks intervened between the transfer from the corporation to Harrison, trustee, and the sale to the Midland Natural Gas Co. Though the deed to Harrison, trustee, is silent as to its purposes and does not name the beneficiaries, the authorizing resolution to which reference is made in the deed supplies its lack in both respects. In interpreting the trust deed in this case we must consult the resolution which authorized it. That the deed to Harrison, trustee, was deemed complete and sufficient is evidenced by the fact that Harrison made the later deed to the Midland Co.

On the facts before us we find that the deed to Harrison, trustee, accomplished a complete transfer of the corporation's interest in the property indicated, such transfer being for the benefit of the stockholders of the corporation. There is no evidence of a commitment by the corporation to sell the property to the Midland Co. We find, further, that the sale by Harrison, trustee, was for the account and benefit of the stockholders, to whom he distributed the cash realized.

In this situation we conclude that respondent was in error in taxing the profit on the sale to the corporation.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

LEECH dissents.