A. S. ELDRIDGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALICE H. ELDRIDGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 64778, 64779.  Promulgated July 31, 1934.

*Thomas N. Fowler, Esq.*, for the petitioners.
*Warren F. Wattles, Esq.*, for the respondent.

OPINION.

ARUNDELL: In their income tax returns for 1929 the petitioners claimed deductions for losses sustained on the sale of Carnation Co. and Fox Theatres stock. The deductions were disallowed by the respondent on the ground that the transfer of those stocks was not a bona fide transaction. The shares of stock were community property and were transferred by the husband, A. S. Eldridge, to a corporation in which he owned all the stock except qualifying shares and they were owned by members of his family. There is no ques-

tion as to the formality of the transfer. The certificates were delivered up and new certificates issued in the name of the transferee corporation. The question for decision is whether, in view of the circumstances surrounding the transfer, recognition should be given to it as a bona fide transaction resulting in a realized loss to petitioners.

The respondent's argument against recognizing the transaction as a bona fide sale is based on Eldridge's ownership of stock in the transferee corporation. Because of this stock ownership, it is argued, Eldridge had no one to deal with but himself.

It has been emphasized of late by the highest authority we have that the general rule, and the rule for tax purposes, is that corporations and their stockholders are to be treated as separate entities. *Burnet* v. *Clark*, 287 U.S. 410: "A Corporation and its stockholders are generally to be treated as separate entities. Only under exceptional circumstances * * * can the difference be disregarded." *Dalton* v. *Bowers*, 287 U.S. 404: "Certainly, under the general rule for tax purposes a corporation is an entity distinct from its stockholders, and the circumstances here are not so unusual as to create an exception." *Burnet* v. *Commonwealth Improvement Co.*, 287 U.S. 415; "Counsel for respondent concede that ordinarily a corporation and its stockholders are separate entities, whether the shares are divided among many or are owned by one." *Klein* v. *Board of Supervisors* (a state tax case), 282 U.S. 19: "But it leads nowhere to call a corporation a fiction. If it is a fiction it is a fiction created by law with intent that it should be acted on as if true. The corporation is a person and its ownership is a nonconductor that makes it impossible to attribute an interest in its property to its members." See also *Edward Securities Corp.*, 30 B.T.A. 918; *Jones* v. *Helvering*, 71 Fed. (2d) 214. In the *Jones* case, four brothers owning all the stock of a corporation transferred to it certain bonds at the then market price, which was less than cost to them, and claimed deductions in their income tax returns. The court held that the deductions were allowable, saying in part:

That the result of this was to enable taxpayers to claim a deductible loss in their income and at the same time, by reason of control of the corporation, to retain an indirect interest in the bonds is undoubtedly true, but it is for the legislature and not the courts to find a way of taxing such a transaction. As the matter now stands, inequitable as it may appear, there is no statute condemning it.

In this connection it is noted that in the Revenue Act of 1934, section 24 (a) (6), deductions are not allowable for losses on the sale or exchange between an individual and a corporation in which he owns more than 50 percent of the outstanding stock. But prior

to the 1934 Act there was no such statutory restriction. Under the earlier acts the general rule was to recognize gains or losses on all sales or exchanges and it was only in cases specially excepted—for example, in the reorganization cases—that gain or loss was not recognized.

The weight of authority thus requires the recognition of the separate entities of corporations and their stockholders, and consequently effect must be given to gain or loss transactions between them in the absence of restricting statutes or unusual circumstances or peculiar facts which " may require disregard of corporate form." *Burnet* v. *Commonwealth Improvement Co.*, *supra*. We see nothing so peculiar about the facts in this case as to warrant a holding that Eldridge and the corporation were one. The corporation was an entity of substance and the evidence indicates that it had been a going concern for some years. It was not, as in *Helvering* v. *Gregory*, 69 Fed. (2d) 809, created and utilized solely for the purpose of reducing taxes. Nor do we have here any evidence of a persisting intention on the part of Eldridge to hold title to the stocks, as in *Sydney M. Shoenberg*, 30 B.T.A. 659. The evidence here is that Eldridge had made a definite decision to sell and it was only on the advice of his accountant that he transferred the shares to the corporation in which he was interested rather than to outside interests. Upon the evidence we are of the opinion that the transfer by Eldridge to the Eldridge Buick Co. was a bona fide transfer to a separate entity, and as such it resulted in a loss deductible under the taxing statute.

The other question is whether dividends declared by the Eldridge Securities Corporation were income in 1929 or 1930. The dividends were declared on December 17, 1929, a check transferring funds to the corporation's dividend account was issued on December 27 and cleared through the bank on December 28, and the individual dividend checks were drawn and mailed on December 31, 1929. The checks were received by Eldridge on January 2, 1930, and cashed the following day.

This question is controlled by the opinion of the Supreme Court in *Avery* v. *Commissioner*, 292 U.S. 210. In both that case and this it was the practice to mail out checks on the last day of the year so as to reach stockholders on the first business day of the following year. It does not appear that the petitioner could have obtained payment in 1929, and the practice of the corporation shows that it was not intended that stockholders should receive their dividends until the year following declaration. The case here is even stronger for the petitioner than was the *Avery* case, for here the resolution did not fix a date of payment, while in the *Avery* case

the dividends were declared payable on or before December 31. We accordingly hold that the dividends here involved were not income to petitioners in 1929.

*Decision will be entered under Rule 50.*