A. R. GLANCY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62062.   Promulgated October 3, 1934.

*Pierpont J. E. Wood, Esq.*, and *O. A. Oestreich, Esq.*, for the petitioner.

*John D. Kiley, Esq.*, for the respondent.

### OPINION.

VAN FOSSAN: This proceeding was brought to redetermine a deficiency in the income tax of the petitioner for the year 1929 in the sum of $44,181.59. The facts were largely stipulated.

The primary issue is whether or not a certain sale of 5,000 shares of common stock of the Motor Products Corporation constituted a bona fide transaction.

A collateral issue, immaterial if the foregoing issue is decided affirmatively, is whether or not the petitioner is entitled to apportion the cost of such shares of stock between the stock and the rights issued applicable thereto, after having elected to allocate the entire cost to the stock.

The petitioner is a corporation, organized in 1926, and is engaged in the investment business. Its outstanding capital stock consists of 700 shares, of which A. R. Glancy, its president and managing officer, owns 142 shares and P. J. E. Wood, 1 share, and the remaining 557 shares form the corpus of an irrevocable trust, whose beneficiaries are Mrs. A. R. Glancy and the three children of Mr. and Mrs. Glancy and whose trustee and manager is A. R. Glancy. The trust was created on August 5, 1929. The first and only dividend paid by the petitioner in the year 1929 amounted to $273,000 and was distributed on December 10, 1929. Prior to the payment of that dividend the trust had no cash. Thereafter it acquired other securities and received dividends.

During the year 1929 and prior to March 5 of that year the petitioner acquired by various purchases 4,800 shares of stock of the Motor Products Corporation at an aggregate cost of $913,075. On March 28, 1929, the Motor Products Corporation issued to its stockholders rights to purchase one half of a share of additional common stock at $28 per share for each share owned by the stockholder.

On that day the fair market value of each right was $50.625 and the fair market value of each share of common stock of the corporation was $129.375. The cost to the petitioner of the common stock of the Motor Products Corporation in respect to which any rights were issued on March 28, 1929, should be allocated in the proportion of 28.125 percent to each right and 71.875 percent to each share of stock.

The petitioner utilized 400 of such rights in the purchase of 200 shares of common stock of the corporation at $28 per share, or a total expenditure of $5,600. It sold the remaining rights during April 1929 for an aggregate sum of $209,625. It did not reacquire the rights so sold nor any other such rights. It continued to hold the 5,000 shares of said stock until November 14, 1929.

On November 5, 1929, the board of directors of the petitioner passed a resolution authorizing the sale of 5,000 shares of the Motor Products Corporation stock as part of a program of liquidating bank loans of about $530,000 and brokerage loans of $250,000, and to pay a dividend of $273,000.

On November 14, 1929, A. R. Glancy, representing the petitioner, gave an order to Watling, Lerchen & Hayes, brokers, to sell the 5,000 shares. At the same time, as trustee of the trust of August 5, 1929, he instructed the brokers to buy 5,000 shares of Motor Products Corporation common stock. On the next day both transactions were put through the brokers' office and through the New York Stock Exchange in the regular course of business, at the market price of 40⅛. Certificates of stock standing in the petitioner's name were delivered to the brokers. The petitioner's account with Watling, Lerchen & Hayes, with whom it had dealt for years, was credited with $199,675, the proceeds of the sale, less tax and the usual commissions, and the account of A. R. Glancy, trustee, was likewise charged. The petitioner did not make subsequent purchases of Motor Products Corporation stock. The brokers charged interest on the trustee account, which later developed into an active trading account. Glancy considered the Motor Products Corporation stock a good buy for the trust at 40⅛. Later it was sold at a lower price.

The only issue before us is whether or not the sale of 5,000 shares of stock of the Motor Products Corporation by the petitioner, consummated on November 15, 1929, was a bona fide transaction.

The respondent has determined that the sale was not bona fide. Bona fide means with good faith; without fraud or deceit. To charge lack of bona fides is substantially equivalent to charging the petitioner with fraud or deceit. *Corrado & Galiardi, Inc.*, 22 B.T.A. 847.

The petitioner, acting through its duly authorized officer, sold the stock in question in the ordinary course of business through duly

established brokers, who made entries on their books properly reflecting such a sale. The petitioner delivered to the brokers certificates of stock evidencing its ownership thereof. A commission was charged and tax paid. It is immaterial that the brokers issued no check in payment to the petitioner or required no check from the trust. Crediting the proceeds of the sale to the petitioner's account *pro tanto* liquidated the account. The brokers accepted the trust as a customer worthy of credit.

We find no reason to question or cast suspicion on the action of the petitioner's directors in authorizing the sale of the stock in furtherance of their plan to liquidate certain large amounts of loans and obligations. Subsequent to the sale, the petitioner did not repurchase Motor Products Corporation stock at any time or in any amount. Thus, its loss from the decrease in the market value of the stock was absolute.

A. R. Glancy's purchase of the 5,000 shares of Motor Products Corporation stock in behalf of the trust was impelled by his belief that at 40⅛ it was " a good buy." The fact that his judgment proved to be erroneous is immaterial. His motive was proper. The market price determined the value of the stock at the time of the sale and purchase. Glancy purchased for the trust 5,000 shares of Motor Products Corporation stock on the market just as he would have bought any other security—as an investment, calculated to be advantageous to the trust.

The corporation and the trust were wholly separate legal entities. Moreover, the interests of Glancy and the members of his family in the corporation were entirely different from the beneficial interests of the trust. Glancy owned 142 out of 700 shares of the petitioner's stock and had no share whatever in the trust. Consequently, the benefit of the deduction accrued to different persons in wholly different proportions. The situation here is entirely dissimilar to that found in *Luella Hoyt Slayton*, 29 B.T.A. 931, in which we held that the transfer was a nondeductible gift, or that in *Sydney M. Shoenberg*, 30 B.T.A. 659, in which we held that the whole transaction showed a persistent intention by the taxpayer to hold title and retain dominion over the stock and, hence, was not a bona fide sale.

We are convinced that the transaction in question was not tainted with *mala fides* and the deduction should be allowed. See *David Stewart*, 17 B.T.A. 604, and *Corrado & Galiardi, Inc.*, *supra*, in which we held likewise under somewhat similar conditions.

In view of our decision, discussion of the collateral issue becomes unnecessary.

Reviewed by the Board.

*Decision will be entered for the petitioner.*