MARJORY TAYLOR HARDWICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELIZABETH TAYLOR ELY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 76545, 76546. Promulgated October 22, 1935.

*Virgil Y. Moore, Esq.*, for the petitioners.
*Arthur Carnduff, Esq.*, for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined deficiencies in income tax for the year 1930 as follows: Marjory Taylor Hardwick (Docket No. 76545), $4,932.88; and Elizabeth Taylor Ely (Docket No. 76546), $5,133.66. The only issue between the parties is whether the Commissioner erred in disallowing to each petitioner a loss on the sale of stock of the Tubize Chatillon Co. which they made in 1930 to the Anelma Corporation. The facts have been stipulated.

Each petitioner owned in 1930, 1,500 shares of the stock of the Tubize Chatillon Co. (hereinafter called Tubize) having a basis for gain or loss of $19,950. Roland L. Taylor, the father of the petitioners, owned 90,606 shares of the stock of Tubize. The petitioners and their father caused the Anelma Corporation (hereafter called Anelma) to be organized shortly prior to December 30, 1930. Each of the petitioners subscribed for 50 shares of the stock of Anelma and paid $5,000 therefor to the corporation. They received appropriate stock certificates. Their father subscribed for 2,960 shares of that stock. He paid $296,000 to the corporation for his stock and received appropriate certificates. No other shares of Anelma were issued or outstanding. The petitioners and their father made a written offer on December 30, 1930, to Anelma to sell their shares of

Tubize stock to Anelma at $3.25 per share. That was the market price of the stock on the New York Curb Exchange at the close of business on December 29, 1930. Anelma accepted the offer. The sellers delivered 93,606 shares of Tubize stock to Anelma. The latter paid each of the petitioners $4,875 and paid Taylor $294,469.50. The Commissioner disallowed the loss which the petitioners claimed on account of the sale of their Tubize stock to Anelma. He explained that the loss was disallowed because "the transaction falls within the provisions of section 112 (b) (5) of the Revenue Act of 1928."

Section 112 (b) (5) of the Revenue Act of 1928 provides:

No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons, this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

It is at once apparent that the above section does not cover the present case. The petitioners did not transfer Tubize stock to Anelma solely in exchange for stock or securities in that corporation. The parties have stipulated that the petitioners sold their Tubize stock to Anelma for cash. The petitioners have thus made out a prima facie case entitling each of them to deduct as a loss $15,075, the difference between the amount realized by each from the sale and the basis which the stock had in the hands of each petitioner.

There may be bona fide sales between a corporation and its stockholders which will give rise to gain or loss. *David Stewart*, 17 B. T. A. 604; *Fruit Belt Telephone Co.*, 22 B. T. A. 440; *Edward Securities Corporation*, 30 B. T. A. 918; *A. S. Eldridge*, 30 B. T. A. 1322; *A. R. Glancy, Inc.*, 31 B. T. A. 236; *Budd* v. *Commissioner*, 43 Fed. (2d) 509; *Commissioner* v. *Van Vorst*, 59 Fed. (2d) 677; *Jones* v. *Helvering*, 71 Fed. (2d) 214; certiorari denied, 293 U. S. 583. If there was any fraud connected with the organization of this corporation or any lack of bona fides in the sale, such facts may not be inferred from this record, but should have been alleged and proved by the Commissioner. *David Stewart, supra; Corrado & Galiardi, Inc.*, 22 B. T. A. 847; *Budd* v. *Commissioner, supra; Edward Securities Corporation, supra.* Full face value must be given to these transactions in accordance with the stipulation of the parties. Furthermore, the fact should be noted that the sales were at market value, which indicates that there was a real loss and that no undue advantage was taken by reason of the fact that the sellers controlled the purchaser corporation. There is no reason to infer that Anelma was created solely for the purpose of making this purchase. It owned the Tubize stock and had a cash balance after the trans-

action. It may have continued and it may have had many other transactions. The inference that it was created solely for the purpose of this particular sale can not be fairly drawn from the record. The respondent has stipulated that the petitioners purchased their stock of Anelma for cash. It can not be said that there was no substance to that purchase. *Edward Securities Corporation, supra; Helvering* v. *Gregory*, 69 Fed. (2d) 809; affd., 293 U. S. 465; *J. Hampton Hoult*, 24 B. T. A. 79; dismissed, 59 Fed. (2d) 1055; *Minnie C. Brackett, Administratrix*, 19 B. T. A. 1154; affirmed without opinion by the Seventh Circuit April 21, 1931. Apparently the Commissioner would argue that in substance each of the petitioners exchanged $125 in cash and her Tubize shares for 50 shares of Anelma stock. But the stipulation shows that the facts are otherwise. The general rule of section 112 (a) applies to this transaction. *Minnie C. Brackett, Administratrix, supra; J. Hampton Hoult, supra; James E. Wells*, 29 B. T. A. 222. None of the exceptions contained in section 112 applies. Cf. *William H. Mullins*, 14 B. T. A. 426. This would perhaps be more clear to the Commissioner if the sale here in question had been made at a profit. Under such circumstances he would probably not argue that the gain would not be recognized because the transaction fell within section 112 (b) (5). Cf. *Minnie C. Brackett, Administratrix, supra*.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

SMITH, dissenting: Section 112 (b) (5) of the Revenue Act of 1928 specifically provides that, where " property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation ", no gain or loss shall be recognized.

The substance of the transaction involved in these proceedings is that the petitioners and their father transferred shares of Tubize Chatillon Co. stock and cash to the Anelma Corporation in exchange for all of the shares of that company. The cash and shares paid in to the Anelma Corporation by the petitioners constituted " property." The number of shares received by each was substantially in proportion to his or her interest in the property prior to the exchange. In my opinion the petitioners sustained no deductible loss from the transaction.

In *Weiss* v. *Stearn*, 265 U. S. 242, it was stated that " when applying the provisions of the Sixteenth Amendment and income tax laws enacted thereunder we must regard matters of substance and not mere form." I think the above cited rule is applicable in these

proceedings. The petitioners, with their father, owned all the shares of stock of the Anelma Corporation. All of the assets of that corporation at the close of December 30, 1930, had been contributed by the petitioners and their father. I do not regard the payment of $4,875 to the corporation by each of the petitioners and the payment by the corporation to the petitioners of the same amount of money on the same day as anything more than form. The deficiencies found by the respondent should be approved.

ARUNDELL, MELLOTT, and ARNOLD agree with this dissent.