**John E. PALMER et al., Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 6622.**

United States Court of Appeals First Circuit.

Heard Dec. 6, 1965.

Decided Dec. 16, 1965.

John A. Mitchell, Portland, Me., with whom Verrill, Dana, Walker, Philbrick & Whitehouse, Portland, Me., were on brief, for petitioners.

Fred R. Becker, Atty., Dept. of Justice, with whom Richard M. Roberts, Act-

ing Asst. Atty. Gen., and Lee A. Jackson, Jonathan S. Cohen and Robert I. Waxman, Attys., Dept. of Justice, were on brief, for respondent.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Simplifying the facts, taxpayer, actually husband and wife, owned all of the stock of J. E. Palmer Co. The company was heavily indebted to a bank, and losing money. The bank requested collateral. Taxpayer, owning personally a piece of real estate, gave the bank a mortgage thereon to secure the company's loan. Subsequently, taxpayer and the bank agreed that the property should be sold, the proceeds to be applied to reduce the company's debt. Taxpayer sought a purchaser, and entered into a contract to sell him the property for $35,000. This agreement was consummated to the extent of taxpayer's receiving the earnest money. Taxpayer then deeded the property to the company for $5,000, its cost basis to him. The company, in turn, deeded the property to the purchaser, the bank releasing the mortgage, and the company receiving the balance of the purchase price. The company reported the net gain, $30,000 less the expenses of sale, as a short term capital gain. The Commissioner disagreed, and, instead, attributed the amount, as a long term capital gain, to taxpayer. The Tax Court upheld the Commissioner's determination. Palmer v. Commissioner of Internal Revenue, April 22, 1965, 44 T.C. 92.

The government concedes that if taxpayer had, without more, sold the property to the company for $5,000, he would have realized no gain, regardless of the property's market value; and if the company had then made a contract and sold it for more, the gain would have been the company's. Cf. United States v. Cumberland Public Service Co., 1950, 338 U.S. 451, 70 S.Ct. 280, 94 L.Ed. 251. We need not decide whether this concession is correct. "The incidence of taxation depends upon the substance of a transaction. The * * * transaction must be viewed as a whole, and each step, from the commencement of negotiations to the consummation of the sale, is relevant. A sale by one person cannot be transformed for tax purposes into a sale by another by using the latter as a conduit through which to pass title." Commissioner of Internal Revenue v. Court Holding Co., 1945, 324 U.S. 331, 334, 65 S.Ct. 707, 708, 89 L.Ed. 981. In the present case, the Tax Court could reasonably find that taxpayer made the $35,000 sale before transfer, and could, thus, properly attribute the gain to him. Cf. Commissioner of Internal Revenue v. Court Holding Co., supra. This may seem unfortunate in view of the substantial financial identity of taxpayer and the company, but if a party bifurcates his fiscal self he must take all the consequences, not merely those that are agreeable.

Affirmed.