# UNITED STATES *v.* CUMBERLAND PUBLIC SERVICE CO.

No. 214.   Argued December 12, 1949.—Decided January 9, 1950.

*Hilbert P. Zarky* argued the cause for the United States. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Caudle* and *Ellis N. Slack.*

*Cornelius W. Grafton* argued the cause for respondent. With him on the brief was *Wilson W. Wyatt.*

*Hugh Satterlee, Thorpe Nesbit* and *Rollin Browne* filed a brief, as *amici curiae,* urging affirmance.

MR. JUSTICE BLACK delivered the opinion of the Court.

A corporation selling its physical properties is taxed on capital gains resulting from the sale.[1] There is no corporate tax, however, on distribution of assets in kind to shareholders as part of a genuine liquidation.[2] The respondent corporation transferred property to its shareholders as a liquidating dividend in kind. The shareholders transferred it to a purchaser. The question is whether, despite contrary findings by the Court of Claims, this record requires a holding that the transaction was in fact a sale by the corporation subjecting the corporation to a capital gains tax.

Details of the transaction are as follows. The respondent, a closely held corporation, was long engaged in the business of generating and distributing electric power in three Kentucky counties. In 1936 a local cooperative began to distribute Tennessee Valley Authority power in the area served by respondent. It soon became obvious that respondent's Diesel-generated power could not compete with TVA power, which respondent had been unable to obtain. Respondent's shareholders, realizing that the corporation must get out of the power business unless it obtained TVA power, accordingly offered to sell all the corporate stock to the cooperative, which was receiving such power. The cooperative refused to buy the stock, but countered with an offer to buy from the corporation its transmission and distribution equipment. The corporation rejected the offer because it would have been compelled to pay a heavy capital gains tax. At the same time the shareholders, desiring to save payment of the

[1] 26 U. S. C. § 22 (a) ; Treas. Reg. 103, § 19.22 (a)–19.

[2] ". . . No gain or loss is realized by a corporation from the mere distribution of its assets in kind in partial or complete liquidation, however they may have appreciated or depreciated in value since their acquisition. . . ." Treas. Reg. 103, § 19.22 (a)–21.

corporate capital gains tax, offered to acquire the transmission and distribution equipment and then sell to the cooperative. The cooperative accepted. The corporation transferred the transmission and distribution systems to its shareholders in partial liquidation. The remaining assets were sold and the corporation dissolved. The shareholders then executed the previously contemplated sale to the cooperative.

Upon this sale by the shareholders, the Commissioner assessed and collected a $17,000 tax from the corporation on the theory that the shareholders had been used as a mere conduit for effectuating what was really a corporate sale. Respondent corporation brought this action to recover the amount of the tax. The Court of Claims found that the method by which the stockholders disposed of the properties was avowedly chosen in order to reduce taxes, but that the liquidation and dissolution genuinely ended the corporation's activities and existence. The court also found that at no time did the corporation plan to make the sale itself. Accordingly it found as a fact that the sale was made by the shareholders rather than the corporation, and entered judgment for respondent. One judge dissented, believing that our opinion in *Commissioner* v. *Court Holding Co.*, 324 U. S. 331, required a finding that the sale had been made by the corporation. Certiorari was granted, 338 U. S. 846, to clear up doubts arising out of the *Court Holding Co.* case.

Our *Court Holding Co.* decision rested on findings of fact by the Tax Court that a sale had been made and gains realized by the taxpayer corporation. There the corporation had negotiated for sale of its assets and had reached an oral agreement of sale. When the tax consequences of the corporate sale were belatedly recognized, the corporation purported to "call off" the sale at the last minute and distributed the physical properties in kind to the stockholders. They promptly conveyed these

properties to the same persons who had negotiated with the corporation. The terms of purchase were substantially those of the previous oral agreement. One thousand dollars already paid to the corporation was applied as part payment of the purchase price. The Tax Court found that the corporation never really abandoned its sales negotiations, that it never did dissolve, and that the sole purpose of the so-called liquidation was to disguise a corporate sale through use of mere formalisms in order to avoid tax liability. The Circuit Court of Appeals took a different view of the evidence. In this Court the Government contended that whether a liquidation distribution was genuine or merely a sham was traditionally a question of fact. We agreed with this contention, and reinstated the Tax Court's findings and judgment. Discussing the evidence which supported the findings of fact, we went on to say that "the incidence of taxation depends upon the substance of a transaction" regardless of "mere formalisms," and that taxes on a corporate sale cannot be avoided by using the shareholders as a "conduit through which to pass title."

This language does not mean that a corporation can be taxed even when the sale has been made by its stockholders following a genuine liquidation and dissolution.[3] While the distinction between sales by a corporation as compared with distribution in kind followed by shareholder sales may be particularly shadowy and artificial

---

[3] What we said in the *Court Holding Co.* case was an approval of the action of the Tax Court in looking beyond the papers executed by the corporation and shareholders in order to determine whether the sale there had actually been made by the corporation. We were but emphasizing the established principle that in resolving such questions as who made a sale, fact-finding tribunals in tax cases can consider motives, intent, and conduct in addition to what appears in written instruments used by parties to control rights as among themselves. See, *e. g., Helvering* v. *Clifford,* 309 U. S. 331, 335–337; *Commissioner* v. *Tower,* 327 U. S. 280.

when the corporation is closely held, Congress has chosen to recognize such a distinction for tax purposes. The corporate tax is thus aimed primarily at the profits of a going concern. This is true despite the fact that gains realized from corporate sales are taxed, perhaps to prevent tax evasions, even where the cash proceeds are at once distributed in liquidation.[4] But Congress has imposed no tax on liquidating distributions in kind or on dissolution, whatever may be the motive for such liquidation. Consequently, a corporation may liquidate or dissolve without subjecting itself to the corporate gains tax, even though a primary motive is to avoid the burden of corporate taxation.

Here, on the basis of adequate subsidiary findings, the Court of Claims has found that the sale in question was made by the stockholders rather than the corporation. The Government's argument that the shareholders acted as a mere "conduit" for a sale by respondent corporation must fall before this finding. The subsidiary finding that a major motive of the shareholders was to reduce taxes does not bar this conclusion. Whatever the motive and however relevant it may be in determining whether the transaction was real or a sham, sales of physical properties by shareholders following a genuine liquidation distribution cannot be attributed to the corporation for tax purposes.

The oddities in tax consequences that emerge from the tax provisions here controlling appear to be inherent in the present tax pattern. For a corporation is taxed if it sells all its physical properties and distributes the cash proceeds as liquidating dividends, yet is not taxed if that

---

[4] It has also been held that where corporate liquidations are effected through trustees or agents, gains from sales are taxable to the corporation as though it were a going concern. See, *e. g., First National Bank* v. *United States,* 86 F. 2d 938, 941; Treas. Reg. 103, § 19.22 (a)–21.

property is distributed in kind and is then sold by the shareholders. In both instances the interest of the shareholders in the business has been transferred to the purchaser. Again, if these stockholders had succeeded in their original effort to sell all their stock, their interest would have been transferred to the purchasers just as effectively. Yet on such a transaction the corporation would have realized no taxable gain.

Congress having determined that different tax consequences shall flow from different methods by which the shareholders of a closely held corporation may dispose of corporate property, we accept its mandate. It is for the trial court, upon consideration of an entire transaction, to determine the factual category in which a particular transaction belongs. Here as in the *Court Holding Co.* case we accept the ultimate findings of fact of the trial tribunal. Accordingly the judgment of the Court of Claims is

*Affirmed.*

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.