DOYLE HOSIERY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN J. DOYLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22047, 22375. Promulgated October 10, 1951.

*David H. W. Dohan, Esq.,* and *George P. Orr, Esq.,* for the petitioners.

*William H. Best, Jr., Esq.,* for the respondent.

**OPINION.**

TIETJENS, *Judge:* Briefly stated, the respondent argues that the whole transaction shows a sale by the corporation with its stockholders acting merely as a conduit through which passed title to the properties transferred and that thus the case is controlled by *Commissioner* v. *Court Holding Co.*, 324 U. S. 331. On the other hand, petitioners argue that the facts herein clearly distinguish the instant case from *Court Holding Co.*, *supra*, and bring it within the ambit of *United States* v. *Cumberland Public Service Co.*, 338 U. S. 451. We agree with petitioners.

In *Court Holding Co.*, *supra*, the corporation conducted negotiations resulting in an oral agreement as to the terms and conditions of the sale of its sole asset, an apartment house, and received a payment on account from the purchaser; the sale was not consummated in the name of the corporation because of the tax consequences to it; instead, the sale was held in abeyance until the corporation declared a liquidating dividend, whereupon its former stockholders, as individual vendors, made the sale on substantially the same terms and conditions previously agreed upon by the corporation and the prior payment to the corporation was applied in part payment of the purchase price. The Supreme Court concluded that despite the conflicting evidence

the record supported the findings and conclusion of the Tax Court that the transfers of legal title were mere formalities, that the whole transaction showed a sale by the corporation rather than by the stockholders, and that the gain derived was attributable to the corporation under section 22 (a), Internal Revenue Code. On the facts, that case is clearly distinguished from the instant case.

In *Cumberland Public Service Co.*, *supra*, the taxpayer corporation at no time planned to make the sale itself; the stockholders first offered to sell the corporate stock which was refused by the prospective purchaser; the stockholders then offered to acquire certain corporate assets and thereafter sell, which offer was accepted by the prospective purchaser; there was a distribution in liquidation of the corporation; and there followed a sale of properties consummated by the stockholders rather than by the corporation. In holding that the corporation realized no gain under that state of facts, the Supreme Court discussed the *Court Holding Co.* case, *supra*, and said, *inter alia*, that the language therein as to the incidence of taxation being dependent upon the substance of a transaction regardless of mere form by using the shareholders as a conduit through which to pass title, "does not mean that a corporation can be taxed even when the sale has been made by its stockholders following a genuine liquidation and dissolution."

The *Cumberland Public Service Co.* case holds that the issue there presented was one of fact to be determined from the evidence of record. In the instant case the record clearly establishes, and we have found as facts, that prior to its liquidation the petitioner corporation did not consider, authorize, negotiate, or enter into any agreement for a sale of its assets and, further, that although some of the negotiations by the stockholders preceded liquidation, the sale of the properties involved was made by the corporation's former stockholders as the individual owners thereof following liquidation. Accordingly, the decision in the *Cumberland Public Service Co.* case is controlling here. Cf. *West Coast Securities Co.*, 14 T. C. 947; and *Frank E. Gilman*, 14 T. C. 833.

We conclude that respondent erred with respect to the primary issue involved herein. This conclusion disposes of both of these consolidated proceedings.

Reviewed by the Court.

*Decision in each proceeding will be entered under Rule 50.*

---

TURNER, *J.*, dissenting: In my opinion the evidentiary facts, or, as termed by the Supreme Court in *United States* v. *Cumberland Public Service Co.*, *supra*, the subsidiary facts show that the sale was made by petitioner and all that was done by the stockholders in their indi-

vidual capacities was to indulge in carefully clocked ritualistic formalities. The Supreme Court decision in the above case lays down no new rule, but adheres to what had already been said in *Commissioner* v. *Court Holding Co.*, *supra*, namely, that the question to be determined was one of fact. It supplies no formula for transforming ritual into reality by a lip service recitation of fundamental principles.

KERN, DISNEY, OPPER, and RAUM, *JJ.*, agree with this dissent.