Isadore P. Klous, transferee of 8-10 White Street Corporation v. Commissioner. Edward A. Stone, transferee of 8-10 White Street Corporation v. Commissioner of Internal Revenue, Respondent.
Klous v. Commissioner
Docket Nos. 29820 and 29821.
United States Tax Court
1952 Tax Ct. Memo LEXIS 257; 11 T.C.M. (CCH) 357; T.C.M. (RIA) 52105; April 15, 1952
*257 Capital gain: Sale of corporate assets. - Following a genuine liquidation of a corporation, the former stockholders (petitioners) sold real estate distributed to them. Held, that the sale and a gain thereon may not be imputed to the corporation. United States v. Cumberland Public Service Co., 338 U.S. 451, and Doyle Hosiery Corporation, 17 T.C. 641, followed. Russell S. Knapp, Esq., for the petitioners. Joseph F. Rogers, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: These consolidated proceedings involve the respondent's determination of an income tax deficiency of $5,475.46 against the 8-10 White Street Corporation for its taxable year 1944 and his determination of *258 the liability, in such amount, of each petitioner as transferee of the assets of that corporation. The issue presented is whether respondent erred in determining that a sale of certain real estate was made by the 8-10 White Street Corporation at a profit to it of $21,210.43, instead of by petitioners following a liquidating distribution of the property to them as stockholders of the corporation. An alternative issue presented is whether respondent is estopped from asserting a tax deficiency against the corporation, by his election to assess petitioners with a tax on capital gains from the sale. Certain adjustments made by respondent in his computation of the net income of the 8-10 White Street Corporation are not in issue. With respect to respondent's adjustment of the claimed deduction for compensation of officers of the corporation, the parties have stipulated an allowable deduction of $800 for officers' salaries and effect thereto will be given in the recomputation under Rule 50. A portion of the facts have been stipulated. Findings of Fact The stipulated facts are so found. The petitioners, residents of New York, New York, filed their respective income tax returns for *259 1944, with the collector of internal revenue for the third district of New York, on or before March 15, 1945. On their returns each petitioner reported as a gain realized in connection with the property involved herein, a capital gain of $10,790.80, of which $5,395.40 was taken into account in reporting individual income tax due. The 8-10 White Street Corporation was a New York corporation organized on September 30, 1941, with an authorized capital stock of ten shares, and was dissolved on December 29, 1944. The corporation's principal asset was a building located at 8-10 White Street, New York, New York, and its principal business was the rental of that building. Throughout that corporation's existence Klous and Stone each owned five shares of its capital stock, Klous was its president, Stone was its secretary-treasurer and its board of directors consisted of those two men and their wives. Following the adoption of the resolution for liquidation and dissolution of the 8-10 White Street Corporation, notice thereof was filed with respondent on Form 966 as required by section 148 (d), Internal Revenue Code. On March 13, 1945, the 8-10 White Street Corporation *260 filed, with the collector of internal revenue for the second district of New York, its income tax return for the stated period of January 1, 1944, to December 7, 1944, reporting thereon a net loss of $1,018.76 for such taxable year. Prior to and during most of 1944, the 8-10 White Street building was leased and occupied by the Stone, Klous & Co., Inc. in connection with its business of processing wool stock. All of the shares of capital stock of that company were owned by Stone and Klous and during the summer and early fall of 1944 they seriously considered changing their company's business from wool processor to wool jobber. Such a change would eliminate the use of the 8-10 White Street building and require only the rental of office space. Legal counsel for Stone and Klous advised a liquidating distribution of the 8-10 White Street Corporation's assets to its stockholders and thereafter a sale of the building by them as the individual owners thereof rather than a sale of the building by the corporation, because of the difference in tax consequences. During the fall of 1944 a real estate agent Muller brought to Stone's attention several offers for the 8-10 White Street building, *261 none of which was acceptable. In the latter part of October or early November, 1944, Stone listed the property with a real estate agent Kohler, but not on behalf of the corporation. In the early part of November 1944 a real estate agent Angevine inspected the building. A few days later Angevine's client Frank Pannizzio inspected the building and although he showed interest in the type of construction he was noncommittal as to any interest in purchasing the building. In the middle of November 1944 Stone instructed his lawyer to proceed with the liquidation and dissolution of the 8-10 White Street Corporation. The corporation's books of account were closed out on December 7, 1944. At a special meeting of all the stockholders of the corporation on December 8, 1944, it was resolved that the corporation be dissolved as of that date and its assets, subject to liabilities, be transferred to the stockholders. All necessary steps to effectuate that resolution were duly carried out. The corporation's deed of conveyance of the 8-10 White Street property to Stone and Klous was duly executed and delivered to them on December 8, 1944. Thereafter the corporation engaged in no further business activities. *262 The deed to Stone and Klous was recorded in the office of the Register of the City of New York on December 19, 1944. The certificate of dissolution of the corporation was duly signed and notarized on December 11, 1944. The application for consent to dissolution on Form 1001 CT was duly signed and notarized on December 19, 1944 and received on December 21, 1944 by the New York State Tax Commission. On December 29, 1944, the Secretary of State of New York issued a Certificate of Dissolution of the 8-10 White Street Corporation. On December 8, 1944, following the above mentioned liquidating distribution, Stone and Klous acting in their individual capacity as owners of the 8-10 White Street property and Pannizzio as a prospective purchaser of such property from those individuals and also counsel for the respective parties, met to negotiate terms of a sale of the property. After several hours of negotiations the parties resolved several disputed matters, as a result of which Stone and Klous agreed to reduce the asked sale price, Pannizzio agreed to purchase the premises subject to the mortgage thereon, and also agreed to pay a prospective assessment on the property for removal of the *263 Sixth Avenue El, and Stone and Klous as the sellers agreed to pay the broker's commission. The written contract of sale dated December 8, 1944, signed by Stone, Klous and Pannizzio as the interested parties thereto, provided for a total purchase price of $34,500, to be paid by $5,000 cash on December 8th, $9,100 by taking the property subject to the mortgage and $20,400 cash on the closing of title on December 29, 1944. At the title closing meeting on December 29, 1944, the deed was delivered by and the purchase money paid to Stone and Klous, but $5,000 of the purchase money was escrowed pending the Title Company's receipt of a search from the New York City Department of Housing and Buildings as to any violations of its notices or orders and, if any, the removal of such violations by the sellers. The purchase money from the sale was divided equally between Stone and Klous. They each paid one-half of the broker's commission and their attorney's fee on the sale. Prior to the adoption on December 8, 1944, of the resolution to dissolve the 8-10 White Street Corporation and distribute its assets to its stockholders in complete liquidation, the corporation did not authorize, negotiate *264 or enter into any agreement for the sale of its real property. The corporation's distribution in liquidation on December 8, 1944, was genuine. The petitioners acted solely on their own behalf as the individual owners of the 8-10 White Street property in negotiating the contract of sale on December 8, 1944. The petitioners are liable as transferees of the 8-10 White Street Corporation for any income tax deficiency determined against that corporation. Opinion The only question presented is whether the sale of the 8-10 White Street property was made by or on behalf of the corporation as determined by respondent. The record herein establishes and we have found as facts, that the corporation did not authorize, negotiate or make any sale of its property prior to liquidation, that the distribution in liquidation was genuine, and that thereafter petitioners made the sale on their own behalf as the individual owners thereof. Accordingly, the instant case is controlled by Cumberland Public Service Co., 338 U.S. 451, and Dayle Hosiery Corporation, 17 T.C. 641. The respondent erred in imputing the sale in question to the corporation. Decisions will be entered *265 under Rule 50.