OPINION. Van Fossan, Judge: Respondent has determined, and here maintains, that the gain derived by petitioner from his transaction with Terrace is ordinary income from the sale of land held for sale to customers in the ordinary course of his real estate business. Petitioner contends that such gain is a capital gain derived from a sale of petitioner’s stock in Subdivision. The pertinent portion of the Code is section 117 (a) (l).[1] Whether the transaction in controversy was a sale of petitioner’s stock in Subdivision as it purported to be or was in substance a sale by petitioner of his Sacramento real estate in the ordinary course of business is entirely a question of fact. Our ultimate finding, set out above, is dispositive thereof and no useful purpose is to be served by prolonging this opinion with a detailed analysis of the evidence and the factors leading us so to conclude. Suffice it to say that, in reaching such conclusion, we have given full consideration to the entire picture, all the pertinent evidence and the inferences properly to be drawn therefrom. Although petitioner went through all of the formal steps of activating a dormant corporation, transferring the property in question thereto in exchange solely for its stock and then “selling” such stock to a corporation dominated and controlled by one, who, it is admitted, was anxious to acquire the land by whatever means, it seems clear to us that it was of no avail taxwise. All of the separate transfers were but component steps of a single transaction, namely, the sale and transfer of petitioner’s Sacramento property to MacBride or to a corporation controlled by him. “* * * A given result at the end of a straight path is not made a different result because reached by following a devious path. * * *” Minnesota Tea Co. v. Helvering, 302 U. S. 609. Moreover, even if there was no enforceable agreement or binding commitment on the part of petitioner to sell his stock in Subdivision prior to its issuance to him, it is properly to be inferred from the evidence at hand that there did exist an understanding to such effect, albeit implied. MacBride’s letter to petitioner, written as it was on the day following the so-called sale of petitioner’s stock to Terrace, and in which he requested permission to alter the plans and to dissolve the corporate titleholder of the land involved, appears to be but another step in completing the formal picture. Consequently, we are constrained to disregard the corporate entity of Subdivision, and hold that it served only as a conduit through which petitioner was enabled to effect a sale of property in the ordinary course of his real estate business; that petitioner’s various transactions with and through Subdivision were all parts of a single transaction, and that the gain derived therefrom constitutes and is taxable as ordinary income. Compare Commissioner v. Court Holding Co., 324 U. S. 331, with United States v. Cumberland Public Service Co., 338 U. S. 451. See also Chicago, M. & St. P. Ry. v. Minn. Civic Assn., 247 U. S. 490; Western Maryland Ry. Co. v. Commissioner, 33 F. 2d 695. In view of the foregoing holding, there arises the question of whether petitioner is entitled to report such income on the installment basis as provided in section 44 (b), Internal Revenue Code.[2] The short answer is that the petitioner and his wife, having exercised in their 1948 income tax return the option granted them by law to report the gain derived from the transaction in controversy upon a basis other than the installment basis, may not now change to the installment basis of reporting such gain. Pacific National Co. v. Welch, 304 U. S. 191; United States v. Kaplan, 304 U. S. 195. Moreover, the evidence does not show that the method employed by petitioner and his wife does not, if properly applied, clearly reflect income. They received in the transaction Terrace’s promissory note in the amount of $175,000. It has been stipulated that the fair market value of such note at the time it was received was $125,000. Respondent has made his determination upon the basis of such fair market value. TVe answer the question posed in the negative and hold that petitioner is not entitled to report the gain in controversy on the installment basis. The agreement of the parties with regard to the deduction by petitioner of attorney’s fees in the amount of $1,000 as an ordinary and necessary business expense will be reflected in the Rule 50 recomputation consequent hereon. Decision will he entered wider Rule- 50. SEC. 117. CAPITAL GAINS AND LOSSES. (a) Definitions. — As used in this chapter— (1) Capital assets. — The term “capital assets” means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be Included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business, * * *. SEC. 44. INSTALLMENT BASIS. (b) Sales of Realty and Casual Sales of Personality [sic], — In the case (1) of a casual sale or other casual disposition of personal property (other than property of a hind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year), for a price exceeding ¥1,000, or (2) of a sale or other disposition of real property, if in either ease the initial payments do not exceed 30 per centum of the selling price (or, in case the sale or other disposition was in a taxable year beginning prior to January 1, 1934, the percentage of the selling price prescribed in the law applicable to such year), the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribeld in this section. As used in this section the term “initial payments” means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.