227 F.2d 381
 55-2 USTC P 9782
 Samuel DONNER, James Monaco, Charles Donner, Estate of
Edward Donner, Deceased, and Louis Banks
(Transferees of Cottage Toll Homes,
Inc.), Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 Nos. 74-78, Dockets 23259-23263.
 United States Court of Appeals Second Circuit.
 Argued Nov. 10, 1955.
Decided Nov. 23, 1955.
 
 Daniel Katz, New York City (Barron, Rice & Rockmore, George P. Halperin, and Meyer Bodenstein, New York City, on the brief), for petitioners.
 Davis W. Morton, Jr., Atty., Dept. of Justice, Washington, D.C. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack and Robert N. Anderson, Attys., Dept. of Justice, Washington, D.C., on the brief), for respondent.
 Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Tax Court held that the gain on the sale of certain houses and lots to individual purchasers in 1946 and also the rental income realized on some of the same properties were taxable to Cottage Toll Homes, Inc., transferor of petitioners. The corporation had conveyed the properties in question to two of its stockholders in liquidation after most, but not all, of the contracts with individual purchasers had been made. The closing of title to the properties did not take place until after the transfer in liquidation to the stockholders.
 
 
 2
 The Tax Court found that in the instances where contracts of sale were made before conveyance in liquidation, the transactions were corporate sales, see C.I.R. v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981; Kaufmann v. C.I.R., 3 Cir., 175 F.2d 28, and made a similar finding in the case of sales contracts entered into after liquidation. Strong reliance was placed on Cottage Toll Homes' contract with Cottage Sales Corporation, it sales agent, which fixed the terms of the individual sales before liquidation. The stockholders who received the properties in liquidation were thus not free agents, and Cottage Sales itself was put nearly in the position of a purchaser, since it agreed to pay carrying charges if individual sales were delayed.
 
 
 3
 Upon these findings of fact, which are not clearly erroneous, we conclude that the gains were properly taxed as income of the corporation. C.I.R. v. Court Holding Co., supra, 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981; cf. United States v. Comberland Public Service Co., 338 U.S. 451, 70 S.Ct. 280, 94 L.Ed. 251. On similar principles the rents received are also so taxable.
 
 
 4
 Affirmed.