**UNITED STATES of America,**
**Appellant,**

v.

**McNAIR REALTY COMPANY, Appellee.**

**No. 17334.**

United States Court of Appeals
Ninth Circuit.

Dec. 13, 1961.

Louis F. Oberdorfer, Asst. Atty. Gen.,
Lee A. Jackson, Melva M. Graney and

Kenneth E. Levin, Attys., Dept. of Justice, Washington, D. C., and Moody Brickett, U. S. Atty., Butte, Mont., for appellant.

H. Cleveland Hall and John C. Hall, Great Falls, Mont., for appellee.

Before CHAMBERS, ORR and BROWNING, Circuit Judges.

PER CURIAM.

Certain real property originally belonging to the appellee corporation was sold. In form the transaction involved the transfer of a partial interest in the property to one of the corporate stockholders in complete liquidation of that stockholder's interest in the corporation, followed by a sale to a third party of their respective interests in the property by the stockholder and the corporation. If the transaction was in fact what it purported to be the appellee corporation was subject to tax only on the capital gain resulting from the sale of its partial interest in the property. United States v. Cumberland Public Service Co., 338 U.S. 451, 70 S.Ct. 280, 94 L.Ed. 251 (1950). If, on the other hand, the sale was in reality a sale by the corporation and the distribution to the stockholder merely a sham, utilizing the stockholder as a conduit through which to pass title from the corporation to the purchaser, the corporation was subject to tax on the capital gains realized from the sale of the whole property. Commissioner of Internal Revenue v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945).

Taken together, the decisions in Commissioner of Internal Revenue v. Court Holding Co., and United States v. Cumberland Public Service Co. make it clear that, in this area, the task of applying the statutory criteria to the multitude of particular situations that inevitably arise is to be left to the District Court and the Tax Court, as the case may be, and their conclusions are reviewable only for clear error. As the Supreme Court stated in Cumberland Public Service Co., "It is for the trial court, upon consideration of an entire transaction, to determine the factual category in which a

particular transaction belongs." 338 U.S. at 456, 70 S.Ct. at 282.

In the present case the District Court concluded that the partial distribution of the property to the stockholder in liquidation of his interest in the corporation preceded the sale and "was not a sham," and that the subsequent sale of the stockholder's interest in the property to the third party purchaser "constituted a sale by him and not by" the corporation. Since this conclusion is not clearly erroneous, it would be inappropriate for us to inquire whether we might have reached a different one based upon differing inferences from the facts. "It was for the trial court to draw inferences and determine what the evidence means." Haggard v. Wood, 298 F.2d 24, 26 (9th Cir., 1961); Rollingwood Corp. v. Commissioner, 190 F.2d 263, 265 (9th Cir., 1951).

We therefore affirm.