563

Mr. Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Harrison S. Howes, Asst. Corp. Counsel, were on the brief, for petitioner.

Mr. Gilbert Hahn, Jr., Washington, D. C., with whom Messrs. Philip W. Amram and Bruce G. Sundlun, Washington, D. C., were on the brief, for respondent. Mr. Mark B. Sandground, Washington, D. C., also entered an appearance for respondent.

Before EDGERTON, BAZELON, and FAHY, Circuit Judges.

**DISTRICT OF COLUMBIA, Petitioner,**

v.

**Beatrice W. OPPENHEIMER, Respondent.**

**No. 16472.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 21, 1961.

Decided March 22, 1962.

EDGERTON, Circuit Judge.

General Realties, Inc., owned improved real estate which it held for income and not for sale. Oppenheimer was one of its stockholders. The District of Columbia assessed a deficiency in Oppenheimer's 1953 income tax, based on the difference between the amount she invested in the corporation and the value of the property it distributed to her when it was dissolved. The question is whether this difference was a "dividend" as the term is defined in the District of Columbia Income and Franchise Tax Act of 1947, as amended: "The word 'dividend' means any distribution made by a corporation * * * to its stockholders * * * out of its earnings, profits, or surplus (other than paid-in surplus), whenever

earned by the corporation * * * and whether distributed prior to, during, upon, or after liquidation or dissolution of the corporation * * *." D.C.Code § 47-1551c(m) (1951), 61 Stat. 332. In other words, did the unrealized appreciation in the value of General Realties' assets become a "dividend" when the corporation distributed the assets to the stockholders?

We think the District of Columbia Tax Court was clearly right in holding it was not a dividend. The critical statutory word is "earned". Since the corporation never realized the appreciation, by sale or otherwise, it was never a part of the corporation's income or earnings. Even a corporation which calls its distribution of appreciated property a "dividend" does not realize a taxable gain. General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154. The District places some reliance on Commissioner of Internal Revenue v. Hirshon Trust, 213 F.2d 523, 56 A.L.R.2d 467 (2d Cir., 1954), cert. denied, 348 U.S. 861, 75 S.Ct. 85, 99 L.Ed. 679. But even in that case the court said: "Both parties here agree with the premise of the Tax Court in the Godley case [Estate of Godley v. Commissioner, 19 T.C. 1082] * * * that under § 115(a) unrealized appreciation in corporate assets may not be reckoned in 'earnings or profits' * * *." 213 F.2d at 527. It now "seems well settled that unrealized appreciation does not increase 'earnings and profits'." Commissioner of Internal Revenue v. Gross, 236 F.2d 612, 618 (2d Cir., 1956). See also Harry Handley Cloutier, 24 T.C. 1006, 1013. In Berliner v. District of Columbia, 103 U.S.App.D.C. 351, 258 F.2d 651, we held that a distribution stipulated to have been paid out of surplus, which a corporation had acquired by sale of its property and business, became taxable to its stockholders as a dividend when the corporation was dissolved and the surplus distributed. But that was a case of realized appreciation.

Affirmed.