**Henry KINNEY and Anita Kinney, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 21743.**

United States Court of Appeals
Fifth Circuit.

March 29, 1966.

Morey A. Rayman, J. Edward Worton, Stephen L. Ruskin, Miami, Fla., for appellants.

Aaron A. Foosaner, Asst. U. S. Atty., Miami, Fla., William A. Meadows, Jr., U. S. Atty., for appellee.

Before PHILLIPS, Senior Circuit Judge,* and JONES and BROWN, Circuit Judges.

---

* Of the Tenth Circuit, sitting by designation.

considered in its entirety rather than by fragmenting it into its various segments. It held that the facts were such as required the application of the principle that substance and not form will control in determining the tax incidents of a transaction. The determinations of the district court are not shown to be erroneous. Cf. Commissioner of Internal Revenue v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981; United States v. Cumberland Public Service Co., 338 U.S. 451, 70 S.Ct. 280, 94 L.Ed. 251. The judgment of the district court, denying recovery to the taxpayer, will be

Affirmed.

---

Everett R. Scott, Jr., Norman F. Anderson, Lake Charles, La., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Edward L. Shaheen, U. S. Atty., Shreveport, La., Melva M. Graney, Edward Shillingburg, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before WOODBURY,* JONES and GEWIN, Circuit Judges.

### PER CURIAM.

The evidentiary facts from which this income tax controversy arises are not in dispute and are set forth in the opinion of the district court. Kinney v. United States, D.C.W.D.La.1964, 228 F.Supp. 656. The question is whether the income tax liability resulting from a sale and transfer of the taxpayer's interest in the assets of a partnership to his co-partner will be less when accomplished, as it was, by a series of nearly simultaneous and closely related steps, than such tax consequences would be if the sale and transfer had been made by a single act.

The district court, after a consideration of all of the evidence, found that the transaction was, in essence, a total sale of the taxpayer's total interest in the partnership. The district court concluded that the transaction was to be

---

* Senior Circuit Judge of the First Circuit, sitting by designation.