**COAST COIL COMPANY, Respondent,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Petitioner.**

**No. 23909.**

United States Court of Appeals, Ninth Circuit.

March 5, 1970.

Stanley Ruby (argued), Atty., Dept. of Justice, Johnnie M. Walters, Asst.

Atty. Gen., Dept. of Justice, K. Martin Worthy, Chief Counsel, IRS, Washington, D. C., for appellant.

Douglas W. Argue (argued), Gilbert Dreyfuss (argued), Los Angeles, Cal., for appellee.

Before BROWNING and ELY, Circuit Judges, and BYRNE, District Judge.*

PER CURIAM:

The judgment is affirmed upon the basis of the Tax Court's opinion, reported at 50 T.C. 528.

ELY, Circuit Judge (dissenting):

I respectfully dissent. Neither the argument of the respondent nor the carefully written opinion of the Tax Court convinces me that Congress was, when it enacted section 337, ignorant of, or blind to, the difference between "installment obligations" and "accounts receivable." When it enacted the section as written, Congress had before it, and rejected, a House Bill containing broader language, language which would have included "accounts receivable." The narrower language, "installment obligations," was chosen. *See* H.R.Rep.No. 2543, 83d Cong., 2d Sess. 36 (1954).

Here, the respondent sold approximately $41,000 worth of "accounts receivable" for $25,000 and has been permitted to recognize the difference as a loss. There is nothing in the record which establishes, as fact, that any one of the accounts receivable was an "installment obligation." It seems to me that when a liquidating taxpayer has elected to proceed under section 337, he should be obliged clearly to establish entitlement to any benefits which he claims are conferred by the statute. I cannot understand how either the Tax Court or my Brothers have reached the conclusion that the taxpayer did so in this case. I concede that the result reached by the Tax Court avoids a hardship to the respondent in the particular circumstances which are here presented, but the tax-

payer made its election, and since it might, in different circumstances, have gained benefits from its choice, it should also be required to suffer any adverse consequences for which it alone was responsible. Here again, we see an instance of a disposition which, while it may work justice in this particular dispute, announces a principle which, in my humble judgment, is not only clearly wrong but also constitutes an unwarranted and significant modification of carefully considered congressional legislation. When the language of a statute is clear, it is not the function of the courts to rewrite it.

I would reverse.