LIBERTY NATIONAL BANK AND TRUST COMPANY, Trustee of Oharco Liquidating Trust, Plaintiff-Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellant.

No. 79–1891.

United States Court of Appeals, Tenth Circuit.

June 10, 1981.

Michael L. Paup, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Jonathan S. Cohen, and Helen A. Buckley, Tax Division, Dept. of Justice, Washington, D. C., with him on the brief), for defendant-appellant.

Before McWILLIAMS and McKAY, Circuit Judges, and WEST, District Judge.*

McWILLIAMS, Circuit Judge.

█ The only issue on appeal is whether the Tax Court erred in holding that a corporation, after electing to liquidate under the provisions of Internal Revenue Code (I.R.C.) § 337 (1954), is entitled to recognize a loss because it accepts less than face value as the sale price for its trade accounts and notes receivable.[1] We conclude that the Tax Court did not err in so ruling.

The essential facts are not in dispute and were stipulated to in the Tax Court. They are fully set forth in the Tax Court's Memorandum Opinion and will not be repeated here. *See Liberty National Bank and Trust Co. v. Commissioner*, 38 T.C.M. (CCH) 314 (1979).

I.R.C. § 336 states the general rule that, except as provided in I.R.C. § 453(d) relating to the disposition of installment obligations, no gain or loss shall be recognized to a corporation on the distribution of property in partial or complete liquidation. I.R.C. § 337(a) provides that no gain or loss is recognized to a corporation from the sale or exchange of "property" within a twelve-month period beginning with the adoption of a plan of complete liquidation, if the corporation distributes all of its assets, not

Peter B. Bradford, Oklahoma City, Okl. (Judson S. Woodruff, Frank D. Hill, and Terry R. Hanna of McAfee, Taft, Mark, Bond, Rucks & Woodruff, a Professional Corp., Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.

* Honorable Lee R. West, United States District Judge of the Western District of Oklahoma, sitting by designation.

1. There were two issues in the Tax Court. The issue of whether the taxpayer may deduct a loss as a result of a settlement of a lawsuit involving a sale of trade accounts and notes receivable is not before this Court on appeal. The Tax Court also decided that issue in favor of the taxpayer.

We note at the outset that section 337 was passed in response to two Supreme Court decisions, *Commissioner v. Court Holding Co.*, 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945), and *United States v. Cumberland Public Service Co.*, 338 U.S. 451, 70 S.Ct. 280, 94 L.Ed. 251 (1950), cases in which the Court appeared to adopt conflicting rules. There is a good exploration of the history of section 337, including a discussion of the holdings in these two cases, in *Central Tablet Mfg. Co. v. United States*, 417 U.S. 673, 677–83, 94 S.Ct. 2516, 2519–22, 41 L.Ed.2d 398 (1974).

counting those retained to meet claims, during the twelve-month period.[2]

The term "property" is not defined in section 337. However, section 337(b)(1) *excludes* certain items from the nonrecognition provision of 337(a). Section 337(b)(1) states that, for the purposes of 337(a), the term "property" does *not* include the following: (1) the stock in trade of the corporation held primarily for sale to customers; (2) installment obligations acquired in the sale of stock in trade, regardless of whether the sale was before or after the adoption of a plan of liquidation; and (3) installment obligations acquired in the sale of all classes of property other than stock in trade where such sale was made prior to the adoption of a plan of liquidation.

In the instant case, after adopting its liquidation plan, the taxpayer[3] sold its accounts receivable for $50,000 less than their face or book value. These accounts were generated from the sale of the taxpayer's stock in trade to customers in the ordinary course of its business. The accounts originated prior to taxpayer's adoption of its plan of liquidation.

The Commissioner does not dispute the fact that the taxpayer realized a loss of $50,000 in the sale of its trade accounts and notes receivable. The Commissioner contends, however, that the loss is not recog- nizable under the provisions of section 337(a), which, as indicated, provides that *no* gain or loss shall be recognized from the sale or exchange of property by a corporation in the process of complete liquidation. The taxpayer contends that the loss realized must be recognized notwithstanding the provisions of section 337(a), since accounts receivable are a type of installment obligation, which, under section 337(b)(1)(B), are specifically excluded from the nonrecognition provision of section 337(a).

As earlier mentioned, the Tax Court held that the loss was recognizable since, under section 337(b)(1)(B), installment obligations acquired in the sale of stock in trade do not constitute "property" as that term is used in the nonrecognition provision of section 337(a). Specifically, the Tax Court found that the "sale of accounts receivable qualifies for recognition under the exception in section 337(b)(1)(B) as an installment obligation." 38 T.C.M. at 317.

We agree with the result reached by the Tax Court. Since we are in general accord with the Tax Court's rationale, such will not be repeated in any detail here.

In this Court the Commissioner's main argument is that the term "installment obligation" is a term of art, and is limited to obligations received in connection with sales made on the installment plan, *i. e.*, periodic

---

2. I.R.C. § 337 *provides in pertinent part:*

§ 337. Gain or loss on sales or exchanges in connection with certain liquidations

(a) General rule.—If, within the 12-month period beginning on the date on which a corporation adopts a plan of complete liquidation, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period.

(b) Property defined.—

(1) In general.—For purposes of subsection (a), the term "property" does not include—

(A) stock in trade of the corporation, or other property of a kind which would properly be included in the inventory of the corporation if on hand at the close of the taxable year, and property held by the corporation primarily for sale to customers in the ordinary course of its trade or business,

(B) installment obligations acquired in respect of the sale or exchange (without regard to whether such sale or exchange occurred before, on, or after the date of the adoption of the plan referred to in subsection (a)) of stock in trade or other property described in subparagraph (A) of this paragraph...

(C) installment obligations acquired in respect of property (other than property described in subparagraph (A)) sold or exchanged before the date of the adoption of such plan of liquidation.

3. The taxpayer, Liberty Bank and Trust Co., a national banking association with its principal place of business in Oklahoma City, Oklahoma, is the liquidating trustee pursuant to a 1974 liquidating trust agreement between Liberty and Oharco Liquidating Co. (Oharco). An Oklahoma company headquartered in Oklahoma City, Oharco is the successor to Oklahoma Hardware Co., which was incorporated in 1900 and was in the wholesale hardware business.

payments spread out over a period of time, *and* reported in the manner permitted by section 453. The taxpayer in the instant case did not report its non-cash sales in the manner permitted by section 453, and, from this fact, the Commissioner argues that taxpayer's trade accounts and notes receivable cannot therefore be deemed to be "installment obligations" under section 337(b)(1)(B). We do not agree.

■ The term "installment obligation" is not defined in the Code. Section 453 merely prescribes a method by which a taxpayer "who regularly sells or otherwise disposes of property on the installment plan" *may* report such income. The wording of section 453 suggests that there may be income from installment obligations which will *not* be reported in the manner permitted by that section. Hence, the fact that a taxpayer elects not to use the method of reporting permitted by section 453 does not necessarily mean that obligations in the form of trade accounts and notes receivable are not "installment obligations" as that term is used in section 337(b)(1)(B).

Our disposition of the present matter finds support in *Coast Coil Co. v. Commissioner*, 50 T.C. 528 (1968), *aff'd*, 422 F.2d 402 (9th Cir. 1970), and *Family Record Plan, Inc. v. Commissioner*, 36 T.C. 305 (1961), *aff'd on other grounds*, 309 F.2d 208 (9th Cir. 1962), *cert. denied*, 373 U.S. 910, 83 S.Ct. 1297, 10 L.Ed.2d 411 (1963).

In *Coast Coil*, the Tax Court rejected the argument made here by the Commissioner that "installment obligations," as that term is used in section 337(b)(1)(B), means only those obligations resulting from the sale of property which the seller has elected to report under the installment method provided in section 453. In so holding, the Tax Court. was of the view that the intent of section 337(b)(1)(B) "is much broader than the ground covered by section 453 ... and is designed to embrace accounts receivable arising under the sale of stock in trade by an accrual basis corporation as well."[4] The Tax Court noted that, as is true in the instant case, the taxpayer had previously reported and paid income taxes on its sales and then suffered a loss when it sold those accounts. 50 T.C. at 533–34. As indicated, on appeal *Coast Coil* was affirmed by the Ninth Circuit in a 2–1 decision.[5]

In *Family Record*, there was a gain, not a loss, realized in the sale of accounts receivable, and in that situation the Commissioner's position was that the gain was taxable, and did not come within the nonrecognition provision of section 337(a). In other words, it was the taxpayer in *Family Record* who advanced the argument made here by the Commissioner that failure to report under section 453 precludes a finding that the obligations were "installment obligations" under section 337(b)(1)(B).[6] In *Family Record*, the Tax Court rejected the taxpayer's argument and upheld the Commissioner's position that gain realized on the sale of the accounts receivable *was* taxable.[7]

On appeal in *Family Record*, the Ninth Circuit affirmed, using an anticipatory assignment of income theory. In thus hold-

---

**4.** Section 453 appears not to be definitional in nature. Rather, it merely describes one permitted method of accounting or reporting income. While some sections of the I.R.C. refer to section 453, the statute which is at issue, *i. e.*, section 337, does not contain such a reference. This appears to be an indication that the term "installment obligations" in section 337(b)(1)(B) should not be limited by the terms of section 453.

**5.** The Commissioner recognizes that the opinion in *Coast Coil* is contrary to the result for which he argues. He cites the dissenting opinion in *Coast Coil*, apparently urging this Court to adopt the position of the dissent. We decline to do so.

**6.** The Commissioner recognizes that his position here is exactly the opposite of his position in *Family Record*. He states, however, that this policy change was made subsequent to *Family Record*, decided by the Tax Court in 1961, and was his position in *Coast Coil*, decided in 1970.

**7.** A similar argument was made and rejected in *Commissioner v. Kuckenberg*, 309 F.2d 202 (9th Cir. 1962), *cert. denied*, 373 U.S. 909, 83 S.Ct. 1296, 10 L.Ed.2d 411 (1963), in which the Ninth Circuit found taxable a gain on a sale of contracts by a liquidating taxpayer which reported on the cash accounting basis.

ing, however, the Ninth Circuit did not disapprove of the reasoning of the Tax Court. And, of course, in *Coast Coil*, the Ninth Circuit approved of the Tax Court's holding that accounts receivable are included within the broader term "installment obligations."

Judgment affirmed.