OPINION. Turner, Judge: The contention of the petitioner is that the transaction of August 31,1943, between petitioner and its stockholders, was a sale by the petitioner of its properties, made in good faith and for a full consideration. It further contends that if it be determined that the transaction was not a sale, it should be determined that the transfer of the properties constituted the payment of a dividend in kind, which resulted in no taxable gain to it. The petitioner also contends that in the event the transaction be determined to be a sale, but for an inadequate consideration, then to the extent that the value of the properties exceeded the selling price, there was a payment of a dividend in kind, which likewise would not result in taxable gain to it. The respondent, on brief, concedes that as between the petitioner and the Burrells the transfer was of binding effect and passed legal title to the properties involved, including the fruit on the trees. On the other hand, he contends that the transaction was not a bona fide sale, stating that the basis for his determination and for his present position is that the transaction was not such as would have been made by persons dealing at arm’s length. His next contention is that since the crop of fruit was produced in part by the efforts and expenditures of the petitioner and in part by the efforts and expenditures of the Burrells, he, acting under the provisions of section 45 of the Internal Revenue Code,[1] made an allocation of the $142,593.90, the price for which the crop was later sold, between the petitioner and the Burrells and of that amount he allocated $87,918.75 to the petitioner as being the amount which represented the fair market value of the fruit at the time of the transfer. With respect to petitioner's contentions that the properties transferred or the value thereof in excess of the stated consideration should be regarded as dividends in kind, the respondent takes the position that no such issues were pleaded and any decision thereof would be outside this proceeding. In its income tax return, the petitioner reported the transaction in question as an installment sale by it of its properties to its stockholders. Using $136,311.50 as its basis for determining gain or loss, it arrived at the total gain of $51,278.50. It then computed the portion of the 1943 payment which would represent the gain realized by reason of the said payment and reported the gain so computed on its return for the fiscal year ended May 31, 1944, as long term capital gain. In determining the deficiencies, the respondent made no adjustment or change whatever in the petitioner’s treatment of the transaction, in so far as the gain thus reported was concerned. With only the explanation that it had been determined that the fruit on the trees at the date of the sale of the grove had a fair market value of $87,918.75, which should have been included as ordinary taxable income, he increased the income of the petitioner for the taxable year in question by $87,918.75 of “ordinary taxable income.” There was no further explanation or indication as to how or in what manner this added amount of income was realized, and there was no showing that section 45, supra, or the bona fides of the transaction between the petitioner and its stockholders, was in any way involved in the determination. Neither was there anything in the respondent’s answer setting up or allocating any part of the subsequent selling price of the crop between petitioner and its stockholders. Similarly, the respondent has at no time by any pleading raised any issue declaring that section 45 was applicable or had been applied. It is accordingly our conclusion that the record before us supplies no basis, either in issues raised or on the record made, for any application of section 45, supra. There is some suggestion of argument on the part of respondent’s counsel that under some interpretation of the transaction not made apparent the petitioner retained an interest in the crop after the date of the transaction and that to the extent determined, the sale of the crop was made for and oh behalf of the petitioner corporation. Whatever may be said as to the character and effect of the transaction of August 31, 1943, the record, we think, makes it amply clear that there was complete and final disposition by the petitioner of its properties to its stockholders. The properties, including the growing crops, were theirs at all times thereafter, whether it be said that they acquired the properties through and pursuant to a bona fide purchase, or whether it be said that they received the properties as a distribution in liquidation of the petitioner,'or in part by purchase and in part as a distribution in liquidation. There is, accordingly, no basis in fact for any holding or conclusion that the petitioner had any interest in or realized any gain from the subsequent sale by the Burrells of the crops from the grove. To the extent that a sale was made, as claimed, the petitioner has fully reported its gain therefrom according to its interpretation of the sale, and the respondent, in his determination, has not questioned or disturbed the reporting of the transaction which - has been made. Any and all properties acquired by the Burrells from the petitioner over and above the sales or alleged sales contract could only have been acquired by them from petitioner either as dividends in kind or distributions in liquidation, and such distributions by a corporation to its stockholders do not result in a realization of gain by the corporation. United States v. Cumberland Public Service Co., 338 U. S. 451. See also General Utilities Operating Co. v. Helvering, 296 U. S. 200. As to the tax-wise effect of the transaction to the stockholders, we express no opinion, since we do not have their cases before us. In passing, it should be noted that we do not have here a question such as was before us in Ernest A. Watson, 15 T. C. 800. There, the question was whether a portion of the selling price received for orange grove properties was- allocable to the growing crop, and therefore ordinary income and not long term capital gains. Here the amount the respondent seeks to tax to the petitioner as ordinary income was over and above and outside of the selling price of the grove, assuming the transaction was a sale. In view of the fact that the petitioner’s excess profits net income exclusive of the $87,918.75 was not such as to require petitioner to file an excess profits tax return, the failure to file such a return was due to reasonable cause and not to willful neglect, and we have so found. Accordingly, the respondent’s determination of penalty is without merit. Decision will be entered for the petitioner. SEC. 45. ALLOCATION OE INCOME AND DEDUCTIONS. In any ease of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Commissioner is authorized to distribute, apportion, or allocate gross income, deductions, credits, or allowances, between or among such organizations, trades, or businesses, if be determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses.