THE PROCTER & GAMBLE COMPANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Procter & Gamble Co. v. Commissioner
Docket No. 16521-84
United States Tax Court
T.C. Memo 1990-638; 1990 Tax Ct. Memo LEXIS 713; 60 T.C.M. (CCH) 1463; T.C.M. (RIA) 90638; December 19, 1990, Filed William S. Corey, J. D. Fleming, Jr., Richard A. Burton, and Burgess L. Doan, for the petitioner. Howard Berger, for the respondent. HAMBLEN, Judge. HAMBLEN
*2101 SUPPLEMENTAL MEMORANDUM OPINION This matter is before the Court on respondent's motion for reconsideration filed pursuant to Rule 161. [1] The merits of this case were decided in The Procter & Gamble Co. v. Commissioner, 95 *714 T.C. (filed Sept. 18, 1990), and to the extent necessary for the disposition of this motion the facts and holdings in that opinion are incorporated herein by this reference. Background
In The Procter & Gamble Co. v. Commissioner, 95 T.C. (filed Sept. 18, 1990), we decided that respondent's allocation of income from Procter and Gamble Espana, S.A. (Espana) to Procter and Gamble, A.G. (AG) was not warranted under section 482. We relied on Commissioner v. First Security Bank of Utah, 405 U.S. 394 (1972), in support of our holding. Consistent with the finding that an allocation of income from Espana to AG was not warranted, we concluded that respondent had improperly increased the subpart F income of Procter and Gamble Co. (petitioner). On October 18, 1990, respondent filed *715 a motion for reconsideration and a memorandum in support of the motion. On October 26, 1990, petitioner filed a motion to strike two contentions raised in respondent's motion for reconsideration. On November 2, 1990, respondent filed a notice of objection to petitioner's motion to strike. On November 8, 1990, petitioner filed a response to respondent's reply to petitioner's motion to strike. In his motion for reconsideration respondent sets forth eight grounds in support of his contention that the Court's opinion in this case is in error. Respondent argues that: (1) foreign law is immaterial with respect to the application of section 482; (2) administrative remedies must be exhausted to prove foreign law with respect to the application of section 482; (3) AG did not deal with Espana as it would have dealt with an unrelated party; (4) foreign law may not override the laws of the United States; (5) section 482 may be applied to allocate deductions from AG to Espana; (6) Spanish law did not prevent Espana from paying AG for its use of petitioner's intangible property; (7) AG's payments to petitioner for Espana's use of petitioner's intangible property are not deductible under section *716 162; and (8) the Court improperly invalidated the blocked income regulations. Discussion
The granting of a motion for reconsideration rests within the discretion of the Court. The Court generally denies reconsideration of proceedings already concluded unless unusual circumstances or substantial error is shown. Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986); Robin Haft Trust v. Commissioner, 62 T.C. 145, 147 *2102 (1974), vacated and remanded on other grounds 510 F.2d 43 (1st Cir. 1975). As a preliminary point, we note that two of the grounds contained in respondent's motion for reconsideration represent new matters in this litigation. See Achiro v. Commissioner, 77 T.C. 881, 890 (1981) (distinguishing a new theory from a new matter). First, respondent argues that section 482 may be applied to allocate deductions from AG to Espana. In addition, respondent argues that AG's payments to petitioner for Espana's use of petitioner's intangible property are not deductible under section 162. These arguments were not presented *717 to the Court when the case originally was submitted for disposition and would require the presentation of additional evidence for resolution at this time. Consistent with the spirit of the rules of pleading of this Court, the taxpayer is entitled to notice of the grounds upon which respondent's deficiency determination is based. As a general rule, such notice may be provided in the notice of deficiency or in respondent's answer to the petition for redetermination. See Rules 31(a) and 36(b); Commissioner v. Transport Mfg. & Equip. Co., 478 F.2d 731, 735-736 (8th Cir. 1973), affg. on this issue 56 T.C. 388 (1971) and 57 T.C. 469 (1971); Nat Harrison Associates, Inc. v. Commissioner, 42 T.C. 601, 617 (1964); Burrell Groves, Inc. v. Commissioner, 16 T.C. 1163, 1169 (1951). In the event respondent raises a new matter at such a late date that notions of fair play and justice would be abrogated by permitting him to rely on the new matter, then respondent will not be heard. See Achiro v. Commissioner, 77 T.C. at 891, *718 and cases cited therein. This principle is intended to facilitate orderly litigation and to promote judicial economy by discouraging piecemeal litigation. Robin Haft Trust v. Commissioner, 62 T.C. at 147. In Theatre Concessions, Inc. v. Commissioner, 29 T.C. 754, 760-761 (1958), we stated: The fundamental purpose of pleadings is to inform the parties, and the Court, of the issues involved, and certainly the taxpayer is entitled to know, at least by the date of the hearing, the ground upon which the Commissioner has acted and the contention which he is required to meet in order to establish the error of the determination. The respondent cannot be allowed to profit by a contention, made long after the testimony has been heard, based upon a failure of proof of a fact which was not, in any practical sense, put in issue by the pleadings, and which was not germane to any theory theretofore advanced by respondent or even mentioned by respondent's counsel at the trial * * *.
As was the case in Theatre Concessions, Inc., respondent may *719 be precluded from litigating a new matter even where respondent's new arguments arise under the same code sections as did the arguments upon which the case was tried. See Seligman v. Commissioner, 84 T.C. 191, 197-199 (1985), affd. 796 F.2d 116 (5th Cir. 1986); O'Meara v. Commissioner, 8 T.C. 622, 628-629 (1947). The issue framed by the statutory notice and tried by this Court related solely to an allocation of income from Espana to AG pursuant to section 482. In this regard, the statutory notice provided in pertinent part: During the years ended June 30, 1978 and June 30, 1979, Procter and Gamble A.G. made available to Procter and Gamble Espana, S.A. certain patents, trademarks, manufacturing know-how, technical services and other valuable intangibles without arm's length consideration. Under the authority of section 482 of the Internal Revenue Code of 1954, additional gross income is allocated from Procter and Gamble Espana, S.A. to Procter and Gamble A.G. in the amounts of $ 1,232,653.00 and $ 1,795,005.00 for the years ended June 30, 1978 and June 30, 1979, respectively. It is determined these *720 allocations are necessary to prevent the evasion of taxes and to clearly reflect income. These reallocations result in additional subpart F income which must be included in your gross income under the provisions of section 951 of the Internal Revenue Code of 1954. [Emphasis added.]
There was no mention in any of the pleadings filed in this case of an allocation of AG's deductions to Espana, nor of the effect of section 162 on AG's transactions. Moreover, there was no reference to facts pertinent to those issues in the stipulation of facts submitted by the parties. Finally, the issues were not raised by respondent during his opening statements at trial, nor in his post-trial briefs. Petitioner asserts that it had no prior notice whatsoever of the issues in question and respondent does not allege otherwise. Thus, to allow respondent to litigate these new matters at such a late date would certainly prejudice petitioner and place petitioner at a disadvantage. In particular, respondent's delay in raising the issues in question denied petitioner the opportunity to address the issues at trial and on brief. There has to be a point at which *721 respondent is bound by his pleadings if tax controversies are to be expeditiously resolved, and we have already passed that point. Koufman v. Commissioner, 69 T.C. 473, 477 (1977). Thus, *2103 we conclude that the arguments in question were effectively waived by respondent and cannot now be considered by this Court. Respondent cites United States v. Goodyear Tire & Rubber Co., 493 U.S. , 110 S.Ct. 462 (1989), in support of his argument that foreign law is immaterial with respect to the application of section 482. In particular, respondent argues that his position is supported by the Supreme Court's reaffirmation of the statutory canon that "tax provisions should generally be read to incorporate domestic tax concepts absent a clear congressional expression that foreign concepts control." United States v. Goodyear Tire & Rubber Co., 493 U.S. at , 110 S.Ct. at 470. Respondent concludes that it should be presumed that Congress intended that its own criteria would be used to interpret the terms of a domestic tax statute such as section 482. *722 While there can be no debate, as a general matter, that Congress controls the taxing power of the United States, our opinion in this case does not improperly ignore domestic tax concepts with respect to the scope and application of section 482. To the contrary, we have applied domestic tax concepts regarding the application of section 482, as espoused by the Supreme Court in Commissioner v. First Security Bank of Utah, 405 U.S. 394 (1972). Stated another way, in Commissioner v. First Security Bank of Utah, supra, the Supreme Court interpreted section 482 so that an allocation cannot be made when the taxpayer's receipt of the allocated income is prohibited by law. We see no sound basis for refusing to apply the foregoing principle where receipt of the income in question is precluded by foreign as opposed to domestic law. The common impediment, whether from domestic or foreign law, is the legal prohibition of payment. The remainder of respondent's contentions in his motion for reconsideration are points which the Court considered prior to issuing its original opinion in this case. While respondent's concerns are not without merit, the Court *723 is both compelled and obligated to follow the precedent of the Supreme Court in Commissioner v. First Security Bank of Utah, supra, as well as that of the Sixth Circuit in Salyersville National Bank v. United States, 613 F.2d 650 (6th Cir. 1980). Likewise, respondent has not convinced the Court that the principles stated in U.S. Padding Corp. v. Commissioner, 865 F.2d 750 (6th Cir. 1989), should not be applied in the context of this case. Respondent's remedy is to pursue an appeal in due course or to seek legislative clarification. Accordingly, respondent's motion for reconsideration is denied. In addition, petitioner's motion to strike is denied as moot. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure and unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as in effect for the years in issue.↩